**TEXAS AND PACIFIC RAILWAY COMPANY, Appellant,**

v.

**R. A. VAN ZANDT, Appellee.**

No. 5264.

Court of Civil Appeals of Texas.

El Paso.

March 12, 1958.

Rehearing Denied April 2, 1958.

McDonald & Shafer, Odessa, Hill D. Hudson, Pecos, for appellant.

Rex Emerson, Odessa, of counsel, W. R. Barnes, John J. Watts, Odessa, for appellee.

WILLIAMS, Justice.

This was a passenger damage suit by which plaintiff below sought damages for alleged injuries occurring to him on or about the 13th day of December, 1952. Plaintiff claimed injuries to his back and chest and was awarded damage in the sum of $27,000 by verdict of the jury, in Ector County, Texas.

Upon the trial of the case, plaintiff testified that, while riding as a paying passenger on appellant's train, the passenger coach in which he was riding struck a freight car upon a siding of appellant, causing the plaintiff to be thrown violently about in the coach, resulting in his alleged injuries. No other witnesses testified as to his receiving an injury, and the appellant countered by introducing testimony that, although there was a jar, it was so slight that it could not have thrown him about or caused his injuries, as he had testified. We therefore consider that a fact issue was raised as to whether or not the plaintiff received any injury from this collision. Laughry v. Hodges, Tex.Civ. App., 215 S.W.2d 669–673. The court submitted the case to the jury on five special issues. The first three dealt with negligence of the appellant, which were answered in the affirmative. The fourth and fifth, and their answers, were as follows:

"Special Issue No. 4

"Do you find from a preponderance of the evidence that such negligence, if any, was a proximate cause of the collision in question? Answer 'Yes' or 'No.'

"Answer: Yes.

"Special Issue No. 5

"What sum of money, if paid now in cash, do you find from a preponderance of the evidence, would fairly and reasonably compensate the Plaintiff, R. A. Van Zandt, for the injuries, if any, received by him proximately resulting from the collision in question? Answer in dollars and cents or 'None,' as the case may be.

"Answer: $27,000.00.

"In connection with the foregoing Special Issue No. 5, you are instructed that in arriving at your answer, you may take into consideration the physical and mental pain, if any you have found from a preponderance of the evidence, suffered by the said R. A. Van Zandt, from the time of the collision in question up to the present time. You are further instructed that if you find from a preponderance of the evidence that the said R. A. Van Zandt, Plaintiff, will, with reasonable probability, suffer physical and mental pain in the future (if you so find), that you may also take this matter into consideration. You are further instructed that if you find from a preponderance of the evidence R. A. Van Zandt has sustained any loss of earnings from the time of the collision until the present time as a proximate result of the collision, you may take such loss of earnings, if any, into consideration. You are further instructed in connection with this issue, if you find from a preponderance of the evidence the Plaintiff, R. A. Van Zandt, will sustain any loss of earnings in the future, you may take such loss of earnings, if any, in the future, into consideration, but you will not take into consideration in answering Special Issue No. 5 any element of damage not submitted to you in this paragraph. You are further instructed that you cannot and you must not take into consideration physical pain and disability, if any, sustained by Plaintiff as a result of operations or physical conditions occurring or existing prior to December 13, 1952, except that you may take into consideration the aggravation of the same, provided, and only if you find from a preponderance of the evidence that the same were aggravated by the accident of December 13, 1952."

The appellant excepted to Issue No. 5, for many reasons, among them being that it assumed a part, and a material part, of plaintiff's case; that it indicated to the jury what the answers should be, and was on the weight of the evidence; that the explanatory instructions accompanying it do not require a finding by preponderance of the evidence; that the ex-

planatory instructions accompanying the issues assume that the injuries resulted from the collision in question. Appellant requested a special issue, as follows:

"Do you find from a preponderance of the evidence that R. A. Van Zandt sustained an injury to his back and chest on the 13th day of December, 1952, while a passenger of the Defendant's train at Big Spring?

"Answer 'Yes' or 'No.'"

Appellant says:

"In refusing to submit appellant's requested issue, the trial court ignored two basic rules of submission of jury issues, i. e., (1) the failure to submit the credibility of an interested party for jury determination; and (2) the failure to submit a material issue controverted in both the pleading and evidence."

In his brief, appellant raises five points of error, in substance as follows:

The first two contend that the court erred in not submitting his requested issue. The third is to the effect that Issue 5 assumes that an injury was received by the plaintiff; and the fourth is that said issue is on the weight of the evidence. The fifth is that $27,000 is excessive.

We have heretofore stated that we considered that a fact issue was raised, since the plaintiff was the only witness testifying that he received injuries, and his testimony was refuted to some extent and was not corroborated by other witnesses or circumstances. Therefore, the sole question is: Was appellant, under the circumstances, entitled to his requested issue, or was the proposition fairly submitted under the court's charge?

Appellant's first four points are interwoven, and relate to the same subject-matter and will, therefore, be discussed together.

In Wichita Falls & Oklahoma Ry. Co. v. Pepper, 134 Tex. 360, 135 S.W.2d 79, 85, the Supreme Court says:

"* * * As a general rule, in such a case the four component elements of the ultimate issue must be shown: (1) that the defendant did an act, (2) that the act was an act of negligence, (3) that the act of negligence was the proximate cause of the plaintiff's damage, and (4) that the plaintiff was damaged."

The question, therefore, is—Does the court's submission in the instant case meet those requirements? Appellee relies heavily on Krottinger v. Marchand, Tex.Civ. App. Ft. Worth 1952, 252 S.W.2d 217, 219 (No writ history). In that case, no special issue was requested, and the issue as submitted was not fully objected to. However, the issue submitted was very similar to that in the instant case and the court, in part, says:

"* * * The trial court's charge does not assume that appellee had received an injury from the collision in question but leaves such question to some extent open for a jury's determination by inserting the saving clause, 'if any,' after the word 'injury.'"

We agree with the above statement in the Krottinger case and, therefore, hold that Issue 5 does not assume that the plaintiff received injuries as the result of the collision in question. Hill & Hill Truck Line, Inc., v. Van Schoubroek, Tex.Civ.App. Galveston 1915, 233 S.W.2d 167, 169 (No writ history), is a case very similar to the instant one and, we think, is correctly decided. In that case the issues submitted to the jury were very similar to those in the instant case, and the objections made to them were also similar to those in the instant case. In overruling defendant's points of error, which were very similar to those in the instant case, the court said:

"* * * The issue which was thus raised by plaintiff's pleadings, and evi-

dence in support thereof, was submitted as special issue No. 32, the damages issue. It will be noted that the question of causation is thoroughly embraced in the issue as submitted, and is carefully limited to the elements therein specified.

\* \* \* \* \* \*

"The law was here concerned with the injury or hurt, if any, sustained by appellee as would, under the pleadings and proof, support a verdict for damages. And, as indicated, appellee pled the liability of appellant for the collision in the usual way, and pled in the usual way that as a result of the collision he suffered damages. The question of liability for the collision, and the question of causation of damages, and the limitations thereon, were presented in the usual way. Whether or not appellant might, had it taken steps to do so, have required the jury to return a verdict which would exhibit a bill of particulars, specifying the portions of the body hurt, instead of finding the monetary equivalent in damages, we need not inquire."

In the instant case, appellant makes much of the fact that he requested a special issue on the subject. However, we do not see that this adds materially to his contention, because the issue requested was, in fact, the plaintiff's issue, and therefore, all that he needed to do was to call the court's attention to its omission. Neither was appellant permitted to choose the form of submission. Rule 279, Texas Rules of Civil Procedure; 41–B Tex.Jur. 528.

In his reply brief, appellant calls attention to the fact that, in the instant case, in Issue No. 4, the court inquired only if the negligence of appellant was a proximate cause of the "collision", whereas, in the Krottinger case, the dictates of the Pepper case were more closely followed, and inquired if the negligence of the defendant was the proximate cause of the "injuries." Appellant insists, therefore, that the "cause of the injuries" was never affirmatively submitted to the jury, and that it was, therefore, error to refuse his special requested issue.

■■ We agree with the Van Schoubroek holding, that the question of causation was sufficiently submitted by Issue No. 5, and that, under the instructions, it did not assume injury, nor was it duplicitous or on the weight of the evidence. Under Rule 279, much latitude is allowed the trial court, and courts of civil appeals are admonished not to reverse cases where the ultimate issue has been fairly submitted, even though in other form or verbiage than requested. In McDonald Texas Civil Practice, Volume 3, page 1069, it is said:

"It seems certain that unless the appellate judges are prepared to leave to the trial judge a reasonable discretion in determining the dividing line, and are prepared to affirm his action unless from an abuse of his discretion or its erroneous exercise a party has been deprived of a finding upon a distinct theory or otherwise has been harmed, Rule 279 will be emasculated."

Likewise, under this Rule, appellant was not entitled to an affirmative submission of any defense, because none were specially pled. He relied only on a general denial. Although we think it would have been better to have given the requested issue, or a similar one, we think the appellant received a fair submission of the issues in this case, and that the jury thoroughly understood what it was doing and found that the negligence of the appellant caused plaintiff's injuries. Probable harm is not shown. Rule 434. Texas Employers' Insurance Ass'n v. McKay, 1948, 146 Tex. 569, 210 S.W.2d 147. We think it is illogical to contend that the jury under this charge awarded plaintiff-appellee $27,000 without first finding that appellee sustained his injuries as a proximate cause of appellant's negligence. We therefore overrule appellant's first four points of error.

■ In the Van Schoubroek case, supra, the court approved an award of $25,000

and, we think, it very precisely states the rule and function of an appellate court in passing upon the excessiveness of the verdict. We use its language, except as to amount of award, and say: We have reached the conclusion that the verdict of $27,-000 is not so excessive as to show, in and of itself, that it was awarded for some improper motive, such as a purpose to award punitive damages. We overrule the appellant's fifth point.

Appellee contends that this appeal was taken solely for delay, and that he is entitled to ten per cent damages as provided for in Rule 438. We think the appeal presents a very serious point, and overrule appellee's contention.

Finding no reversible error in the record as presented to us, the judgment of the trial court is affirmed.