TEXAS & PACIFIC RAILWAY COMPANY V. R. A. VAN ZANDT.

No. A-6846. Decided October 1, 1958.
(Rehearing overruled November 19, 1958.
(317 S.W. 2d Series 528)

*Tom Sugg* and *Tom L. Farmer,* both of Dallas, *McDonald & Shafer,* of Odessa, and *Hill D. Hudson,* of Pecos, for petitioner.

The Court of Civil Appeals erred in overruling defendant's requested issue of whether injury occurred. Thraves v. Hooser, 44 S.W. 2d 916; Wichita Falls & Okla. Ry. Co. v. Pepper, 134 Texas 360, 135 S.W. 2d 79; Krottinger v. Moreland, 252 S.W. 2d 217.

*John J. Watts* and *W. R. Barnes,* of Odessa, for respondent.

MR. JUSTICE CALVERT delivered the opinion of the Court.

Respondent, Van Zandt, sued petitioner, Texas and Pacific Railway Company, for damages for personal injuries alleged to have been sustained by him while a passenger on one of petitioner's trains. A trial court judgment in favor of respondent was affirmed by the Court of Civil Appeals. 311 S.W. 2d 422.

Respondent alleged that he was injured by virtue of being thrown from his seat when the coach in which he was riding collided with a freight car standing on a siding. Petitioner pleaded only a general denial. The evidence left no doubt that the collision occurred, but petitioner introduced evidence which would support a conclusion that the jar from the collision was so slight that respondent could not have been thrown from his seat and could not have been injured. The crucial issue in the case was, therefore, whether respondent had in fact suffered an injury as a proximate result of the collision. The sole ground urged here for reversal of the judgment is that that issue was not fairly and adequately submitted to and found by the jury in respondent's favor.

Five special issues were submitted to the jury. Special Issues 1 and 3 inquired whether the spotting of the freight car on track three and the signaling by the switchman that it was safe to back the passenger train on track two were negligent acts, and Special Issues 2 and 4 inquired whether each such act of negligence was a proximate cause of the collision. Special Issue No. 5, followed by a conventional type of instruction on elements of allowable damages, reads as follows:

## "SPECIAL ISSUE NO. 5.

"What sum of money, if paid now in cash, do you find from a preponderance of the evidence, would fairly and reasonably compensate the Plaintiff, R. A. Van Zandt, for the injuries, if any, received by him proximately resulting from the collision in question?

"Answer in dollars and cents or 'none', as the case may be.

"Answer: $27,000.00."

Petitioner prepared and requested the submission of a special issue inquiring whether respondent had suffered the injuries

alleged by him and objected to the charge of the court because of failure to submit the issue.

■ The burden was on respondent to prove that he had been injured. That question was therefore put in issue by petitioner's general denial. We are satisfied that it was also put in issue by petitioner's evidence, which need not be detailed. Inasmuch as no separate issue on the fact of injury was submitted, the judgment in respondent's favor may not stand unless the question was fairly and adequately submitted in Special Issue No. 5, quoted above.

■ Special Issue No. 5 is the conventional type of damages issue. Its purpose is not to establish liability. Its purpose is to fix the amount of money damages which will fairly compensate an injured party for his injuries and thus discharge the legal liability of a defendant. Whether there is any legal liability on the part of a defendant to pay the money damages must be determined, when the evidence is conflicting, through the submission of separate issues.

In a large percentage of personal injury cases — perhaps in a majority — there is no question but that injuries were sustained. In such cases, the conventional issue on damages and accompanying instruction permits the jury in arriving at the amount of damages to be awarded to make an incidental determination of the nature and extent of the injuries suffered. But when the existence of injury is controverted in the evidence, it is not a sufficient submission of that ultimate and vital fact issue, over proper objection, to inquire whether a particular negligent act or omission was a proximate cause of plaintiff's injuries, if any, or what amount of money will compensate the plaintiff for the injuries, if any sustained by him as a proximate result of the defendant's negligence, if any. In such cases a special issue directly and unequivocally inquiring whether injury was sustained should be submitted.

To the extent that the opinions in Krottinger v. Marchand, Texas Civ. App., 252 S.W. 2d 217, no writ history, and Hill & Hill Truck Line, Inc. v. Van Schoubroek, Texas Civ. App., 233 S.W. 2d 167, no writ history, may be in conflict with what we have said, they are disapproved.

■ The trial court erred in refusing to submit an issue inquiring whether respondent sustained personal injuries on the occasion in question. Moreover, it is our opinion that the error

was reasonably calculated to cause and probably did cause the rendition of an improper judgment and thus requires a reversal of the judgment under Rules 434 and 503, Texas Rules of Civil Procedure. We cannot permit a judgment to stand when a defendant is denied the right to a separate submission of a vital defensive issue. Special Issue No. 5 did not afford the jury an opportunity to answer either that respondent was or was not injured on the occasion in question. Under the court's instruction it could answer the issue only "in dollars and cents or 'none.' " If the jury had been afforded an opportunity to do so and had answered that respondent suffered no injuries, the answer to Special Issue No. 5 would have been immaterial. Garza v. San Antonio Transit Co., Texas Civ. App., 180 S.W. 2d 1006, 1009, writ refused, want of merit.

The judgments of the Court of Civil Appeals and the trial court are reversed and the cause is remanded to the trial court.

Opinion delivered October 1, 1958.

### ON MOTION FOR REHEARING

■ Respondent vigorously insists that the rule of "probable harm" laid down in Rules 434 and 503, Texas Rules of Civil Procedure has not been fairly applied in this case; that if that rule is fairly applied we cannot reverse the judgments of the courts below unless we can say, upon a review of the evidence, that if afforded an opportunity to do so the jury would *probably* have found that respondent had not been injured. We do not agree.

The Rules of Civil Procedure must be applied to plaintiffs and defendants alike. To apply Rules 434 and 503 in the manner suggested by respondent would deny to a party the right of trial by jury guaranteed by Section 15 of Article I of our Constitution. Logically applied, it would require us to uphold an instructed verdict against a plaintiff even though he had adduced evidence of probative force in support of his cause of action unless we could say from a review of the evidence that a jury would *probably* have found the issues in his favor.

Rules 434 and 503 do not contemplate that a party may be denied the constitutional right of trial by jury. The mere denial of that right raises an inference of probable harm. Texas Emp. Inc. Ass'n. v. McCaslin, 159 Texas, 317 S.W. 2d 916.

The motion for rehearing is overruled.

Opinion delivered November 19, 1958.