**Mort SEDER, Appellant,**

v.

**Antone FARRIS, Appellee.**

**No. 708.**

Court of Civil Appeals of Texas, Tyler.

June 21, 1973.

David M. Kendall, Jr., Woodruff, Kendall & Smith, Dallas, for appellant.

G. David Westfall, Bailey, Williams, Westfall & Henderson, Dallas, for appellee.

McKAY, Justice.

Appellant brought suit for damages for personal injuries alleged to have been sustained as a result of a rear-end collision upon his automobile by appellee. Trial was before a jury, and, based upon the

verdict, judgment was rendered that appellant take nothing. Appellant brings this appeal on fourteen points.

Appellant was stopped at a red light when appellee's car hit it from behind. There was disputed evidence as to the force of the impact—with appellant claiming his car was knocked forward six to ten feet, and appellee testifying that his car idled forward after stopping and then made light contact with the rear of appellant's car which did not appear to have moved as a result of the impact. The police officer, who investigated the accident, estimated appellant's car moved two to three feet after the impact. The officer's accident report showed light damage to each car (broken headlight on appellee's and light damage to trunk on appellant's) and no injuries.

The jury found appellee was negligent on proper lookout, failure to make proper application of brakes, and failure to maintain clear distance between vehicles, and that each was a proximate cause. Issue No. 7 asked, "Do you find from a preponderance of the evidence that Mort Seder was injured as a result of the occurrence in question?" The jury answered "No." The jury answered "None" to each part of Issue No. 8, the damage issue.

Appellant's points complain that the answers of the jury to Issue No. 7 and to each of the several parts of Issue No. 8 are against the weight and preponderance of the evidence. We overrule these points.

The accident occurred during the morning on Friday, February 5, 1971, and appellant made no complaint of injury at the scene of the collision. He testified that later in the day his neck hurt and he felt nauseated and had a headache; that he called Dr. Goodfried's office about 4:00 p. m. but could not see him until Monday; that he did go to the doctor Monday, and he was x-rayed and received diathermy in the office; that he visited the doctor's office every other day for ten days, and after that period he saw the doctor intermit-

tently. He was not hospitalized and he made no complaint of injury at any time while at the scene of the accident.

Appellant further testified that the first time he injured his neck was in July, 1959, for which injury he received medical treatment and he was able to return to work in about one month, but because of side effects from medication he could not return to full duty for six months. He further testified that in September, 1968, he had severe pain and discomfort with his neck and received medical treatment from Dr. Goodfried which included injections and physiotherapy at Baylor Hospital as an outpatient. He last saw the doctor for this complaint in November, 1968. He also testified to having a problem with his lower back in 1962, and to having difficulty with his shoulder in May, 1969, and having swelling of the fingers on his right hand subsequent to the shoulder problem, but he claimed these complaints were not related to his neck problem.

Dr. Goodfried testified that he first saw appellant in September, 1968, for neck pain and that appellant told him he had a whiplash injury which he sustained seven or eight years prior and was treated by Dr. David Henry. He further testified that on appellant's first visit in 1968 appellant had "signs and symptoms of a cervical fibromyositis, that is, he had limitation of motion of his neck with pain and discomfort on so doing," and that he had "slight narrowing of the intervertebral disc space between the 5th and 6th cervical vertebrae," without evidence of arthritis.

While Dr. Goodfried testified that it was his opinion that appellant's "symptoms of which he complained in February of 1971 were the result of his automobile accident, and that the findings of spasm, and pain, tenderness and limitation of motion, et cetera, were all the result of the injury which he sustained in this accident, super-imposed upon a previous pathological condition," he also testified that the x-rays were essentially the same, the electromyograph was

within normal limts, and the physical examination revealed substantially the same result as was found in September, 1968, and that, to an extent, he was basing his opinion on what appellant told him about being in an accident.

The record reveals that a short time prior to the accident, appellant had experienced emotional upset because of marital problems and an unsuccessful business venture. Dr. Goodfried testified that tensions or emotional situations "will aggravate the tightness of muscles and increase the symptoms and cause greater disability," and "any situation, any condition or situation that would increase nervous tension would increase discomfort and muscle tightness, muscle tension pressure on nerves, and pain."

■ Appellee having pled a general denial, appellant had the burden of proof to prove to the jury by a preponderance of the evidence that he had been injured by the accident involved here. The issue of injury was put in issue by the general denial and by the evidence. Texas & Pacific Railway Co. v. Van Zandt, 159 Tex. 178, 317 S.W.2d 528 (1958).

■ Appellant indicates that the jury found that he did not receive an injury. On the contrary, the jury found that he did not prove by a preponderance of the evidence that he was injured by the accident involved here. C. & R. Transport, Inc. v. Campbell, 406 S.W.2d 191 (Tex. 1966). The proper construction of the answer to Issue No. 7 is that appellant failed to carry his burden of proving the fact of his injury. C. & R. Transport, Inc. v. Campbell, supra.

■ It is within the province of the jury to determine the credibility of the witnesses and the weight to be given their testimony. The jury may accept or reject all or part of the testimony of any witness. Royal v. Cameron, 382 S.W.2d 335 (Tex. Civ.App.—Tyler, 1964, wr. ref'd n. r. e.); Ohlen v. Hagar, 212 S.W.2d 253 (Tex. Civ.App.—Ft. Worth, 1948, wr. ref'd n. r. e.).

■ It is understandable that appellant disagrees with the jury's answers to Issues 7 and 8, but an appellate court cannot substitute its judgment for that of a jury on disputed issues of fact. Royal v. Cameron, supra.

We are of the opinion that the jury's answers to Issue 7 and Issue 8 are not against the great weight and preponderance of the evidence as to be clearly wrong. In view of appellant's chronic neck problem and his recent emotional upset, the jury could, under the record here, properly conclude that he received no injury at all. The doctor's opinion that appellant was injured was based if not entirely, almost entirely, upon subjective findings inasmuch as he was unable to testify he found any condition in appellant's neck that was unlike his findings three years before.

Appellant's points are overruled.

Judgment of the trial court is affirmed.