Elizabeth E. REED, Appellant,

v.

The AETNA CASUALTY & SURETY
COMPANY, Appellee.

No. 7771.

Court of Civil Appeals of Texas,
Beaumont.

March 11, 1976.

Rehearing Denied April 1, 1976.

James B. Davis, Houston, for appellant.

Edward J. Hennessy, Houston, for appellee.

KEITH, Justice.

In this workmen's compensation case the plaintiff below appeals from an adverse judgment rendered after the jury had answered a "Van Zandt" type issue finding that she did not sustain an injury in the

course of her employment at the time and place she alleged she was hurt.[1]

The accident forming the basis of plaintiff's claim was one which was not observed by anyone other than plaintiff. She testified that during a heavy rainstorm accompanied by strong wind, she was attempting to open the door to her place of business and to open her umbrella at the same time. She said that the door was pushed back by the wind, knocking her into the door jamb, whence she fell to the floor, thereby sustaining her injuries.

She did not report the accident until the next day and when she went to see a doctor some three weeks later, her account of the accident differed materially from her original report as well as the testimony given upon the trial. Still another slight variation of the happening was given to the physician selected by her counsel to testify upon the trial.

In the medical record introduced in evidence by the defendant, it was shown that Dr. Dube had been treating her for similar complaints to her back and neck for several years before the accident in question; but, when she gave a history to Dr. Jackson some three weeks after the accident, she neglected to advise that physician of her earlier problems shown by Dr. Dube's records.

Upon cross-examination, it was developed from plaintiff that she had been to see Dr. Dube upon numerous occasions before the accident with complaints of neck and back pain. In one instance, at least, she had been hospitalized and placed in traction for treatment of the pain in her neck.

■ As claimant of workmen's compensation benefits, plaintiff labored under the burden of proving that she was injured in the course and scope of her employment. This was raised by the defendant's general denial under the rationale of *Texas & Pacific Railway Company v. Van Zandt,* 159 Tex. 178, 317 S.W.2d 528, 530 (1958), and its progeny.

■ Plaintiff was, of course, an interested witness and the general rule is "that evidence given by an interested witness, even though uncontradicted, presents an issue to be determined by the trier of fact." *Gevinson v. Manhatten Construction Co. of Okl.,* 449 S.W.2d 458, 467 (Tex.Sup.1969). See also, *Cochran v. Wool Growers Central Storage Co.,* 140 Tex. 184, 166 S.W.2d 904, 908 (1942); *Bates v. Barclay,* 484 S.W.2d 955, 959 (Tex.Civ.App.—Beaumont 1972, writ ref'd n. r. e.).

■ Under the record which we review, we cannot find any exception to the general rule just stated. The jury was the sole judge of the credibility of the witnesses, including the plaintiff, and the weight to be given to her testimony. We will not, under this record, disturb the finding of the jury that the plaintiff failed to discharge the burden placed upon her to show that she received an injury in the course and scope of her employment. All of plaintiff's points of error attacking the jury finding to Special Issue No. 1 are overruled.

Plaintiff contends that the court erred in admitting the medical records of Dr. C. O. Dube offered under the provisions of *Art. 3737e, Tex.Rev.Civ.Stat.Ann. (Supp. 1975–1976).* The authenticity of the records is not disputed; plaintiff's objections were to several specific statements of Dr. Dube's opinion reflected therein. The objection incorporated the statement that the notations constituted hearsay, were expressions of opinion, and denied plaintiff the opportunity of cross-examination.

The first item to which a specific objection was made was the entry of October 14, 1967, wherein the report stated: " 'Dis-

---

1. See *Texas & Pacific Railway Company v. Van Zandt,* 159 Tex. 178, 317 S.W.2d 528, 530 (1958).

The issue submitted in this case was: "Do you find from a preponderance of the evidence that ELIZABETH E. REED sustained accidental injuries on or about June 11, 1973, in the course and scope of her employment by Lynch Garage & Auto Parts?"

To which the jury answered: "We do not."

All other issues were conditionally submitted upon an affirmative answer to Special Issue No. 1 quoted above, and none were answered.

missed 10–25–67, cervical arthritis, myositis, cervical traction, valium'."

We quote plaintiff's objection to another series of entries:

" 'Mr. Davis: I want to point out to the Court that I object further to these entries and may I just state the entries as to the entry of 2–3–69 that portion showing the diagnosis to be, "Otitis media, cervical myositis", the entry of 7–15–69, "pain in both hands", and the entry made by the doctor at 11–24–69, "arthritis improved", and then, 5–12–72, the diagnosis of, "right shoulder pain", 6–9–72, the diagnosis of, "myositis", for the following reasons [which are here set out].' "

It would unduly lengthen this opinion to summarize the evidence from the testifying physicians. Both were in accord and there was no substantial difference in their diagnosis. Each of the physicians testified that there was soft tissue complaints and numbness of the upper extremities. These are the conditions disclosed by Dr. Dube's records to have been of long standing and antedating plaintiff's alleged injuries by several years.

The terms used in Dr. Dube's records did not rest on expert opinion, speculation or conjecture. Indeed, we find that "myositis", "radiculitis", "deltoid" [but not subdeltoid], "cervical", "arthritis", and "bursitis" are all of such common usage that their definitions appear in the common dictionaries available to the general public. See, e. g., Webster's Third New International Dictionary (G. & C. Merriam Co., 1967), where each of the quoted words is defined in simple language as describing a common ailment of the human flesh.

■ The medical records introduced in evidence contained Dr. Dube's findings and were properly admissible because "the diagnosis records a condition resting in reasonable medical certainty." *Loper v. Andrews*, 404 S.W.2d 300, 305 (Tex.Sup.1966), and quoted in *Otis Elevator Company v. Wood*, 436 S.W.2d 324, 330 (Tex.Sup.1968).

The right to cross-examine such expert witness, as said in *Otis Elevator*, supra:

". . . stems from the need to cross-examine the doctor making the entry when his opinion is an 'expert conjecture,' one not resting on demonstrable medical facts and about which there could be genuine dispute among doctors."

The several diagnoses of Dr. Dube were not "expert conjectures"; he simply recorded medical data about which there is no genuine dispute among doctors.

■ Diagnostic entries in hospital records may be considered as competent evidence of the condition they describe if they are not genuinely disputed and do not rest largely in expert opinion, speculation or conjecture. The Supreme Court decisions cited above are dispositive and adverse to the contentions now urged by the plaintiff.

Plaintiff's remaining points, seeking a rendition of the judgment notwithstanding her failure to procure any jury findings warranting a judgment in her favor, are obviously without merit and are overruled.

The judgment of the trial court, being free of error, is AFFIRMED.

DIES, Chief Justice (dissenting).

I respectfully dissent. I believe the holding of *Loper v. Andrews*, 404 S.W.2d 300 (Tex.Sup.1966) requires a new trial of this case. The records of Dr. C. O. Dube, admitted under the provisions of Tex.Rev.Civ. Stat.Ann. art 3737e, contained the following medical diagnoses:

"Card No. 1  10–5–67
 "Myositis
 "Radiculitis
"Card No. 2  10–14–67
 "Cervical Arthritis
 "Myositis

                2–3–69
 "Myositis
"Card No. 3  11–24–69
 "Subdeltoid Bursitis
"Card No. 5  6–19–72
 "Myositis"

Dr. James R. Oates who testified for plaintiff concluded she had a stretch-type injury to her nerve. Dr. Ronald D. Jackson who testified for defendant essentially

found no injury. In cross-examining Dr. Jackson, defendant's counsel asked:

"Q. What is Myositis? [The diagnosis on Dr. Dube's record]

"A. Just a term describing inflammation of a muscle.

  *  *  *  *  *  *

"Q. Can Myositis and Neuritis be caused by something other than trauma?

"A. Yes."

Dr. Jackson was also asked what Radiculitis means.

"A. It means irritation of a nerve at its origin.

"Q. Can this take place anywhere on the body?

"A. Anywhere on the spine.

"Q. O.K. And would that affect the extremities, the legs, the arms?

"A. Yes."

In *Loper,* supra, the court said at 305: "In approving the *Rodriguez* [*Travis Life Insurance Co. v. Rodriguez,* 326 S.W.2d 256 (Tex.Civ.App.—Austin 1959), approved by the Supreme Court in 160 Tex. 182, 328 S.W.2d 434] construction of the statute [TEX.REV.CIV.STAT.ANN. art. 3737e] we do not hold that diagnostic entries in hospital records may be considered as competent evidence of the condition they describe where they are genuinely disputed and necessarily rest largely in expert opinion, speculation or conjecture.

"A witness is generally permitted to testify only to facts within his personal knowledge. He does not have to possess special qualifications to do so. He is not permitted to express an opinion since this invades the province of the trier of the facts. An exception to the personal knowledge prerequisite is represented by the testimony of a qualified expert in the expression of an opinion in the field of his qualifications. This is permitted because experts are considered to have a special knowledge not generally possessed by jurors and are better able to draw conclusions from the facts than the jurors. The diagnosis or medical opinion of a doctor is

an example. Such testimony is in the nature of an expert opinion based on the application of the expertise of the doctor to the facts within his knowledge. The opportunity of cross-examination is unusually important to adversely affected parties. *We do not read Article 3737e as purporting to render entries of such character admissible without exception; we construe the statute as doing so only in those instances where it can be said that the diagnosis records a condition resting in reasonable medical certainty.*" (Emphasis supplied.)

Dr. Dube's diagnosis of "Myositis" is not a condition "resting in reasonable medical certainty."

Nor is Cervical Arthritis or Bursitis a reasonable medical certainty. The harm of the admission of this diagnosis to plaintiff's case was compounded when defendant's attorney proved by his doctor that Myositis could be caused by something other than trauma (and therefore non-compensable).

The right of cross-examination of witnesses is one of the most important cornerstones of our system. "Expert testimony" may often call for vigorous cross-examination as clearly as any other evidence. I believe the *Loper,* supra, holding is wise and practical, but I believe it should be strictly interpreted.