**WHITEHALL LABORATORIES, INC., Appellant,**

v.

**Opal GILLIAM, Appellee.**

**No. 4864.**

Court of Civil Appeals of Texas, Eastland.

April 22, 1976.

Rehearing Denied May 13, 1976.

Anne Gardner (Brown, Crowley, Simon & Peebles), Fort Worth, for appellant.

Ken Fuqua (Wilson, Berry, Jorgenson & Johnson), Dallas, Royce Adkins, Haskell, for appellee.

RALEIGH BROWN, Justice.

This is a products liability case based on strict liability and in the alternative negligence. Opal Gilliam sought damages for burns sustained following her alleged use of Sudden Beauty hairspray, a product manufactured by Whitehall Laboratories, Inc. Judgment for Gilliam in the amount of $145,618.05 was rendered upon the jury's findings of defendant's negligence in failing to warn of post-spraying hazards of the product which was a proximate cause of the occurrence. Whitehall Laboratories, Inc. appeals. We reverse and remand.

Appellant argues the trial court erred in refusing to submit its requested issue on contributory negligence inquiring whether Opal Gilliam applied more Sudden Beauty on the occasion than would have been applied by a person using ordinary care under similar circumstances, together with its corollary proximate cause issue. We agree.

Opal Gilliam was found by her son and daughter-in-law sitting in her bathroom with second and third degree burns on her right arm, shoulder, back, and ear. Her hair was singed, matted, and wet. Her husband, Fred, was asleep at the time. No evidence of a fire was found in the house other than some burned hair in the sink and a cotton pajama top with the right side and sleeve burned which had been thrown into a trash can in the kitchen. These events occurred prior to the effective date of the comparative negligence statute. Mrs. Gilliam stated at that time she did not remember what had happened and was not completely coherent until the following afternoon.

Opal Gilliam testified that she had sprayed her hair at about 10:15 p. m. the evening of the occurrence after cleaning her face and putting on a cotton pajama top. About 10 or 15 minutes later, she sprayed her hair a second time at a washstand in the kitchen and "walked into the den, got a cigarette, struck a match, and I was on fire."

Mrs. Gilliam further testified that the can had a warning on it which she thought said, "flammable, do not use before open flame or fire." She had read the label prior to the accident and knew the spray was flammable. Appellant realized at the time she sprayed her hair the cotton pajamas she was wearing was flammable. She denied lighting a cigarette or striking a match near the washstand where she sprayed her hair.

Appellant's daughter-in-law testified as to her observation of Mrs. Gilliam's use of hairspray stating, "I would say most like other women, except she used a good bit more," that she had a habit she applied hairspray "usually, anytime that she was

going to leave the house" and "before she retired to bed." Mrs. Gilliam had sprayed her hair at 5:00 p. m. in addition to the two times preceding the fire.

Fred Gilliam testified that he had gone to bed about 10:00 p. m. on the night of the fire. He believed that he had smelled the odor of hairspray drifting back into the bedroom as he was going to sleep. He opened the side door to let air in and shut the door from his room to the den. It seemed to him the odor was coming down the hall.

Fred Present, called as an adverse witness by plaintiff, testified "more than a three-second application on a single swatch of hair or cloth would be an overdosage" and "much more than an average person would spray their hair."

Texas courts apply the rule that in a products liability case contributory negligence is not a defense to strict liability but contributory negligence would bar recovery based upon negligence.

The court in *McKisson v. Sales Affiliates, Inc.*, 416 S.W.2d 787 (Tex.1967) agreed:

". . . with the Torts Restatement rule relating to contributory negligence as a defense to an action based upon strict liability, viz:

'Contributory negligence of the plaintiff is not a defense when such negligence consists merely in a failure to discover the defect in the product, or to guard against the possibility of its existence. * * *' § 402A, Comment (n), Contributory Negligence."

In *McKisson,* supra, the court stated:

". . . we may conclude that the jury's finding upon the contributory negligence issue would bar a recovery based upon negligence. It does not, however, bar a recovery based upon strict liability which is not based upon negligence. Torts Restatement, § 402A, Comment (n) . . ."

The jury determined the hairspray was not unreasonably dangerous and therefore did not answer the inquiry as to whether such condition was a producing cause of the

occurrence. The jury found, however, (1) the hairspray contained post-spraying hazards; (2) the caution notice on the can failed to give sufficient warning of such hazards; (3) such failure was negligence; and (4) such failure was the proximate cause of the occurrence. Such findings are not that the product itself was either defective or unreasonably dangerous and therefore strict liability could not be imposed upon Whitehall.

As stated by the court in *Technical Chemical Company v. Jacobs*, 480 S.W.2d 602 (Tex.1972):

> "The prime requirement for imposing liability on a seller under the rule of strict liability is proof by the plaintiff that *he was injured because of a defective condition in the product* when it left the hands of the particular seller."

Opal Gilliam's recovery then must be based on the affirmative findings of the jury on the negligent issues and a lack of error on the part of the trial court in failing to submit Whitehall's requested contributory negligence issues.

In considering the question of the trial court's failure to submit defensive issues, the court in *Walgreen-Texas Co. v. Shivers*, 137 Tex. 493, 154 S.W.2d 625 (1941) said:

> ". . . It is the settled law that under our present special issue statutes the defendant has the same right to have his defensive issues submitted to the jury that the plaintiff has to have his offensive issues submitted. *Fox v. Dallas Hotel Co.*, 111 Tex. 461, 240 S.W. 517, 522. We quote the following from the opinion in the case just cited: 'Each group of facts pleaded by defendant in error, which, standing alone, would, if proven, constitute a complete defense to plaintiff in error's suit, presented an issue. It was the statutory right of defendant in error to have the issue presented by each complete plea submitted separately to the jury, just as plaintiff in error had the right to have submitted each issue, entitling her to recover, which she pleaded and proved.' "

See also *Texas & Pacific Railway Company v. Van Zandt*, 159 Tex. 178, 317 S.W.2d 528 (1958).

The evidence established Mrs. Gilliam knew Sudden Beauty was a flammable product. She was the wife of a Texaco wholesale dealer, a dealer in flammable products. Mrs. Gilliam had worked in her husband's business for four or five years preceding the accident. There was evidence Mrs. Gilliam used more hairspray than an ordinary person would have used on the occasion in question and under the same or similar circumstances.

Reviewing the evidence in its most favorable light, we hold there was evidence to support the submission of the contributory negligent issues requested by Whitehall. *Martinez v. Delta Brands, Inc.*, 515 S.W.2d 263 (Tex.1974).

The failure of the trial court to submit the issues was error.

This holding makes it unnecessary to consider other points of error.

The judgment is reversed and the cause remanded.