Stuart E. MILLER, Plaintiff-Appellant,

v.

BORDEN, INC. and its division Borden Chemical Company, Defendants-Appellees.

No. 81–2148

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Dec. 23, 1981.

**544**

Alison Pettiette, Houston, Tex., for plaintiff-appellant.

John C. Allen, Houston, Tex., for defendants-appellees.

Before BROWN, POLITZ and WILLIAMS, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

This controversy arises out of a highway collision that occurred near Shreveport, Louisiana, on April 13, 1978. Stuart Miller, a clothing salesman from Houston, Texas, found himself in the midst of an experience that is one of the nightmares of every modern highway driver when an eighteen-wheeler tank truck travelling alongside his rental car started moving into his lane. The resultant collision forced Miller off the road. James Spidle, driver of the truck belonging to respondent Borden, pulled off the road to assist Miller. The officer who investigated the accident described damage to the car as moderate, and Miller was not hospitalized. Rather, he cut short his business trip, returned the damaged but still operable rental car, and flew back to Houston the same day. A few days later he visited his doctor complaining of pain in his back. In February of 1979 he filed this lawsuit seeking compensation from Borden and its driver [1] for his alleged injury.

At trial, three of the crucial hurdles for personal injury plaintiffs went smoothly for Miller. The trial judge directed a verdict against Borden on the issues of liability and proximate cause and refused to submit an issue to the jury on contributory negligence.

The court submitted only two issues to the jury, the first simply asking whether Miller had suffered any injury, the second (which was not to be answered without an affirmative answer to the first) asking for a dollar figure that would compensate Miller for each type of damage alleged. Miller's counsel properly objected to the first issue, describing any suggestion that Miller had suffered no injury as "against the overwhelming weight and preponderance of the evidence." The trial judge overruled the objection, however, and the jury returned a verdict finding no injury and, consequently, awarding no recovery. Miller appeals, claiming that submission of an issue on injury was improper, that the jury's negative response to the issue was against the weight of the evidence, and that the court below erred further in refusing to submit a proposed issue including within its definition of "injury" the aggravation of a preexisting condition. We find no merit in these contentions and affirm the judgment below.

The issues here are narrowly circumscribed. Conveniently, the briefs of both parties quote in its entirety the same paragraph from an important decision by the Texas Supreme Court, *Texas & Pacific Ry. v. Van Zandt*, 159 Tex. 178, 317 S.W.2d 528 (1958). Only the italics employed by the parties differ. The emphasis-free original paragraph sets forth the applicable law as follows:

> In a large percentage of personal injury cases—perhaps in a majority—there is no question but that injuries were sustained. In such cases, the conventional issue on damages and accompanying instruction permits the jury in arriving at the amount of damages to be awarded to make an incidental determination of the nature and extent of the injuries suffered. But when the existence of injury is controverted in the evidence, it is not a sufficient submission of that ultimate and vital fact issue, over proper objection, to inquire whether a particular negligent act or omission was a proximate cause of plaintiff's injuries, if any, or what

---

**1.** The district court dismissed the action against Spidle in March 1980.

amount of money will compensate the plaintiff for the injuries, if any, sustained by him as a proximate result of the defendant's negligence, if any. In such case a special issue directly and unequivocally inquiring whether injury was sustained should be submitted.

317 S.W.2d at 530. Miller correctly points out that *Van Zandt* does not mandate submission of an issue on injury if the evidence of injury is clear and unequivocal. Miller goes on to insist, however, that submission of such an issue in his case was reversible error because the evidence of his injury was uncontroverted. We cannot agree with this interpretation of the record.

█ The evidence of the crucial back injury was necessarily testimonial. There was no obvious burn, break, or bruise. Instead the jury had to rely on the assertions of Miller, his wife, and his physician to the effect that the 1978 collision had aggravated a preexisting back condition. Miller graphically described his pain, and his physician, Dr. Zimmerman, categorically attributed the weakened condition of Miller's back to the accident.

Miller is mistaken, however, in characterizing this evidence as "undisputed." Both the Borden driver and the investigating police officer testified to Miller's having told them at the scene that he was uninjured. The jury must have noted such incidental facts as Miller's quick return home the day of the accident and his return, after a stint

in the less lucrative but less demanding position of sales manager in 1978, to extensive travel as a salesman. Dr. Zimmerman's testimony also brought out that Miller had suffered disc trouble in 1968 and 1975 but had refused recommended treatment and that Dr. Zimmerman believed Miller to be suffering from some degenerative disc disease that could have begun in the absence of any injury. Having laid this evidentiary foundation, the defense pointedly suggested to the jury in its closing argument that Miller had not conclusively linked his back troubles to the 1978 mishap.[2]

Clearly, the defense disputed the existence of an injury and submitted supportive evidence. Miller's apparent lack of injury at the accident scene and his prior back problem together could have supported, in the minds of reasonable jurors, an inference that Miller's subjective allegations, and his physician's interpretation of those allegations, fell short of an evidentiary preponderance. The factual issue having been joined, submission to the jury of a question on injury was proper under the rule laid down in *Van Zandt, supra. See also Baldeschwilder v. Bonham*, 529 S.W.2d 770, 771 (Tex.1975).

█ Similarly, the jury's negative response to that question was a proper exercise of the jury's power. The members of the jury, by contrast to this Court, heard and observed the witnesses and reached a

2. At one point in his closing argument, counsel for Borden raised the issue before the jury as follows:

The judge will instruct you that my client is not responsible for any pre-existing condition. Now, we may be responsible for aggravating that condition if you should find that, but we are not responsible for problems that he has had and back problems that he has had and back sprains that he has had prior to this accident. I don't, you know—to me, the plaintiff has not established that any back complaint that he's complaining of today is the direct result of this automobile accident.

This man has been having back problems for years. He suffered not only from prior accidents, but from disc degeneration, just a natural process that probably most of us will suffer from, especially by the time we get up to be about 40 or 50 years old.

But my client is not responsible for anything other than the damages that you may find that Mr. Miller has sustained as a result of this incident, if any.

I think it is important to keep in mind that Mr. Miller was, like after 1968 when they suggested a possible ruptured disc, after 1978 where there was a suspected ruptured disc, that he was back out on the road selling. I think it has to be kept in mind that in this case, he's back out on the road selling again. I think it has to be kept in mind that he did have a number of prior back problems. And I think it has to be kept in mind that above anything that we've talked about today, you have to decide the case on what constitutes reasonable and fair compensation.

verdict based on their evaluation of the witnesses' credibility. That is their function, and only under the rarest circumstances may a court substitute its judgment for theirs.

It is the jury, not the court, which is the fact-finding body. It weighs the contradictory evidence and inferences, judges the credibility of witnesses, receives expert instructions, and draws the ultimate conclusion as to the facts. The very essence of its function is to select from among conflicting inferences and conclusions that which it considers most reasonable. ... That conclusion, whether it relates to negligence, causation, or any other factual matter, cannot be ignored. Courts are not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable.

*Tennant v. Peoria & Pekin Union Ry.*, 321 U.S. 29, 35, 64 S.Ct. 409, 412, 88 L.Ed. 520 (1944) (citations omitted).

Finally, Miller complains that the trial court erred in submitting to the jury a proposed issue mentioning aggravation of a preexisting condition as a form of injury. Having raised this point of error as a subheading in his brief, however, Miller provides no argument or citations to show that such an omission is error. We merely note in passing, therefore, that the trial court's rejection of the proposed issue cannot have prejudiced Miller in any way. While the first issue submitted to the jury contains no definition of "injury," the court's charge, both as read to the jury and as submitted to them in writing prior to their retirement, admonished them "not to award damages for any injury or condition existing before the accident in question, except the extent [sic] that you find from a preponderance of the evidence that such other condition was aggravated by the injuries which resulted from the accident in question." The second issue, which the jury did not reach but which was read to them prior to submission,

asked them to consider as an element of Miller's damages "[i]njury, original and aggravated ...." Nothing in the record suggests that the jurors were unaware of their power to award recovery based on aggravation of a preexisting condition.

To sum up: The jury observed the witnesses, weighed their testimony, and rendered a verdict. Finding in the record a legitimate factual dispute with compelling evidence on both sides, we will not disturb their decision. The judgment below is AFFIRMED.