**Dorothy H. BONHAM, Appellant,**

v.

**Matthias BALDESCHWILER, Appellee.**

**No. 926.**

Court of Civil Appeals of Texas,
Corpus Christi.

June 12, 1975.

Rehearing Denied Aug. 29, 1975.

Charles R. Cunningham, Corpus Christi, for appellant.

B. Mills Latham, Dyer, Redford, Burnett, Wray & Woolsey, Corpus Christi, for appellee.

OPINION

YOUNG, Justice.

In this automobile rear end collision case, Dorothy H. Bonham sued Matthias Baldes-

chwiler to recover damages for personal injuries she alleged she sustained when the automobile she was driving was struck from the rear by the automobile defendant was driving. At the time of the collision, the plaintiff was stopped near an intersection behind stopped traffic waiting to turn left.

In response to special issues the jury found that defendant failed to maintain an assured clear distance; refused to find that such failure was negligence; found that such failure was a proximate cause. Further, the jury refused to find defendant negligent in other respects (brakes and lookout); refused to find that plaintiff was injured in the collision; and failed to answer the issue awarding damages. Based on the jury verdict, the trial court entered judgment that plaintiff take nothing. The plaintiff appeals.

The testimony about the collision is rather meager. Only the appellant, the appellee, and Mr. Johnny Rios, the police officer who investigated the accident, testified in this regard. On April 3, 1971, in Corpus Christi, Texas, the collision occurred at about 12:30 p. m. in the 3400 block of South Alameda Street near its intersection with Sinclair Street. Just before the accident, the appellant had been driving her Chevrolet automobile south on South Alameda, a two-way street with two lanes of traffic in each direction. It had been, or was, raining that day and the street was wet. Appellant had stopped her car in the inside lane in deference to one or two proceeding vehicles waiting to turn left on Sinclair. While she was stopped, the appellee while traveling in the same inside lane struck the rear of her automobile with the Volkswagen car he was driving.

In nine points of error, the appellant complains of both the liability and the damage aspects of the case. We will discuss the liability feature first. In that regard, appellant in her fifth point attacks the jury finding to special issue number 2, which was one issue of a cluster inquiring about assured clear distance, negligence, and proximate cause, by appellee.

The jury's responses to these issues were as follows: (1) that Matthias Baldeschwiler failed to maintain an assured clear distance between his vehicle and the vehicle driven by Dorothy H. Bonham; (2) refused to find that such failure was negligence; and (3) that such failure was a proximate cause of the occurrence in question. "Assured clear distance" was defined as it is in 1 State Bar of Texas, Texas Pattern Jury Charges § 5.09 (1970).[1]

We note that the case, regarding special issues numbered 1, 2 and 3, was tried below and briefed here on the theory of whether there was a statutory violation of assured clear distance under Vernon's Tex.Rev.Civ. Stat.Ann. art. 6701d § 61(a) (Supp.1974) and whether there was excuse for such violation, if any. We are not here called on to resolve the propriety of submitting the excuse issue (number 2) or the possibility of conflict in the answers to the special issues numbered 1 and 2.

■ As we construe appellant's fifth point, she just complains about the legal and factual insufficiency of the evidence supporting special issue number 2. And we will consider the point as making only those complaints. We will deal with the no evidence contention first. In reviewing a no evidence point, we examine only the evidence in favor of the jury finding; i. e., the negative finding to the inquiry whether the defendant's failure to keep an assured clear distance between his vehicle and that of the plaintiff was negligence. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1951).

1. " 'Assured clear distance' means that distance which would be maintained by a driver using ordinary care when following another vehicle, considering the speed of such vehicles, and the traffic upon and conditions of the street, so that the following vehicle can be safely brought to a stop without colliding with the preceding vehicle, or veering into other vehicles, objects or persons on or near the street."

According to the appellee, the car he was driving belonged to his daughter and he did not normally drive it. He said that it was raining at the time of the accident and the street was slick. In his opinion, he was a safe distance behind appellant as she stopped, even considering the rainy and wet conditions; that he observed the appellant's vehicle in front of him in time to apply his brakes and stop; and that he took the wet street conditions into consideration and was driving with extreme caution due to those conditions. The foregoing is some probative evidence that supports the jury's answer to special issue number 2. Appellant's "no evidence" contention is overruled.

Next, the appellant also asserts that the jury's negative answer to special issue number 2 is contrary to the great weight and preponderance of the evidence. In addressing this contention, we consider all the evidence presented to the jury in light of the rules applicable to this type of point of error. Traylor v. Goulding, 497 S.W.2d 944 (Tex.Sup.1973); In re King's Estate, supra.

■ In that regard, we consider all of the evidence; that which is favorable to the appellee's viewpoint, and the evidence and inferences in favor of the appellant. South Alameda consists of four lanes for two-way traffic. Even though it was, or had been, raining and the street was wet, the appellee admitted that he saw the appellant stopped, or stopping, from 250 to 300 feet in front of him in the inside lane. There was no evidence that there was traffic in the outside lane. The appellee stated his vehicle was in good condition; that his brakes were working.

■ So what we have as reasons for appellee's failure to stop is simply that the street was wet and his car slid. These facts, standing alone, do not free him from liability. See Meinen v. Mercer, 390 S.W.2d 36 (Tex.Civ.App.—Corpus Christi 1965, writ ref'd n. r. e.). Because the appellee saw the appellant's vehicle 250 to 300 feet away stopped, or stopping, in deference to stopped traffic preceding her, while he knew it was raining and the street was wet, and he did not timely stop or turn into the outside lane, we find that the jury's negative answer to special issue number 2 inquiring whether the appellee's failure to maintain an assured clear distance is contrary to the great weight and preponderance of the evidence. Therefore, the appellant's "contrary to the great weight and preponderance of the evidence" contention is sustained.

The remainder of appellant's points are directed to the damage aspect of this case. Because we have ruled, in our discussion of liability, that the case should be reversed and remanded, we deem it unnecessary to resolve appellant's remaining points. Additionally, the errors complained of, especially those about references indicating payment for damages because of a prior trial, are not likely to occur in another trial.

The judgment of the trial court is accordingly reversed and remanded for a new trial.