Matthias **BALDESCHWILDER,**
Petitioner,

v.

Dorothy H. **BONHAM, Respondent.**

**No. B–5548.**

Supreme Court of Texas.

Nov. 12, 1975.

Dyer, Redford, Burnett, Wray & Woolsey, B. Mills Latham, Corpus Christi, for petitioner.

Charles R. Cunningham, Corpus Christi, for respondent.

PER CURIAM.

This is a suit brought by Dorothy H. Bonham against Matthias Baldeschwilder to recover damages for alleged personal injuries arising out of an automobile rear end collision. In a jury trial, the jury refused to find that the failure of Mr. Baldeschwilder to maintain an assured clear distance between his vehicle and the vehicle driven by Mrs. Bonham constituted negligence. (Special Issue 2.) The jury also failed to find that Mrs. Bonham was injured as a result of the collision. (Special Issue 8.) A take nothing judgment was entered based on the jury verdict. The court of civil appeals reversed and remanded holding that the jury's answer to Special Issue 2 was con-

trary to the great weight and preponderance of the evidence. 525 S.W.2d 707. In so doing, the lower court deemed it unnecessary to resolve Mrs. Bonham's point of error which attacked the jury's failure to find that she was injured as a result of the collision. Where the existence of injury is controverted in the evidence, a determination must be made whether injury was sustained. *Texas & Pacific Railway Company v. Van Zandt,* 317 S.W.2d 528 (Tex.1958). The point of error dealing with the injury issue could be dispositive of this case, and the court of civil appeals should have ruled on the point. Tex.R.Civ.P. 451.

Pursuant to Tex.R.Civ.P. 483, the decision of the court of civil appeals being in conflict with Tex.R.Civ.P. 451, the application for writ of error is granted and, without hearing oral argument, we reverse the judgment of the court of civil appeals and remand the cause to that court for determination of the assignments of error relating to Special Issue 8.