Dorothy H. BONHAM, Appellant,

v.

Matthias BALDESCHWILER, Appellee.

No. 926.

Court of Civil Appeals of Texas, Corpus Christi.

Jan. 30, 1976.

Rehearing Denied Feb. 26, 1976.

Charles R. Cunningham, Corpus Christi, for appellant.

B. Mills Latham, Dyer, Redford, Burnett, Wray & Woolsey, Corpus Christi, for appellee.

## OPINION

YOUNG, Justice.

This automobile rear end collision case was first considered by this Court in June of 1975. Our opinion is reported at 525 S.W.2d 707. The Supreme Court granted writ of error, reversed and remanded the case to this Court for determination of the appellant's assignments of error relating to Special Issue 8. Their opinion is reported at 529 S.W.2d 770.

Dorothy H. Bonham was involved in two automobile accidents only four days apart. The first was on March 30, 1971, and the second was on April 3, 1971. She instituted this litigation to recover for injuries she received in the April 3 accident.

The facts are as reported in our original opinion. A brief recount of those facts will suffice here. The jury returned findings that the complained of acts of the defendant Matthias Baldeschwiler were not negligent and that the plaintiff Bonham was not injured. Judgment was entered for the defendant upon these findings. This Court reversed and remanded upon our determination that the jury's finding of no negligence was against the great weight and preponderance of the evidence. We did not

consider the appellant's point of error about the jury's finding of no injury. If we overrule this point, and any related points, the decision of the trial court must be affirmed. See *Texas & Pacific Railway Company v. Van Zandt*, 159 Tex. 178, 317 S.W.2d 528 (1958). If we sustain, our original reversal and remand must obtain.

Special Issue 8 inquired of the jury, "Do you find from a preponderance of the evidence that Dorothy H. Bonham was injured as a result of the collision in question on April 3, 1971?" The jury responded "No." The burden was properly upon Bonham to obtain an affirmative response from the jury on this issue.

Appellant contends in her point 6 that the evidence conclusively shows as a matter of law that she was injured on April 3 or that her injuries of March 30 were aggravated on April 3. Alternatively, she urges that the finding of no injury is against the great weight and preponderance of the evidence. In considering the appellant's first contention it is necessary for us to first examine only that evidence favorable to the jury finding. See Calvert "No Evidence" and "Insufficient Evidence" Points of Error, 38 Tex.L.Rev. 361 (1960).

There appears to be no dispute that Bonham was injured. The vital issue in dispute here is whether Bonham was injured in the accident on April 3. The evidence offered by Bonham to prove that she was injured on April 3, or that the April 3 accident aggravated her injuries that she received on March 30, consisted of her testimony and that of one of her treating physicians, Dr. Lawrence Wilk. Both witnesses were extensively cross-examined in an effort to discredit their testimony. The evidence that was before the jury that would tend to discredit the evidence of injury on April 3 and support the jury's answer to Special Issue 8 is embodied in the testimony of those two witnesses.

Dr. Wilk, the only medical expert offered by Bonham, was not consulted by her until almost a year following the accident. In this regard, the following questions were put to Dr. Wilk on cross-examination.

"Q Is it difficult for you to say what accident caused what injury after that period of time?

A Yes, uh-hum.

Q As a matter of fact, it would be impossible to say.

A That's right.

Q Impossible to say whether she was injured in this accident, received all of her injuries or some of her injuries or impossible whether to say she was hurt in this accident or received some injuries or all of the injuries.

A That's all I can go by, is the history.

Q Impossible to say whether she received injuries in this accident and aggravation in this accident, isn't that true?

A That's what the history stated, yes."

After the two accidents, but before the first visit with Dr. Wilk, Bonham was treated by a chiropractor. Dr. Wilk recommended that she stop seeing the chiropractor. The cross-examination of Dr. Wilk continued with the suggestion that these chiropractic treatments could have possibly been the source of Bonham's injury. At one point, Dr. Wilk is asked to disregard what Bonham told him about her injuries and to base his answer only upon his examination of her. The question put to the doctor is in this form:

"Q So, you couldn't distinguish what, if any, injuries she received in the 30th. You couldn't distinguish what, if any, injuries she received on the 3rd, and then you couldn't distinguish what, if any, injuries or aggravation she received from the chiropractor.

A That's correct."

Support for the jury's answer of no injury on April 3 is also found in the testimony of the appellant Bonham. She denied being injured when questioned by the policeman

investigating the April 3 accident. She explains that she initially believed that she was not seriously injured and believed that she could treat herself. She admits that she cannot differentiate between the injuries received in the two accidents.

The foregoing is merely some of the evidence which the jury could have considered as discrediting the testimony of the two witnesses and as a basis for the "No" answer to Special Issue 8. As we have noted, the burden was upon Bonham to establish by a preponderance of the evidence that she was injured on April 3. It is not necessary that we find evidence that she was not injured. Appellant's legal sufficiency contention is overruled.

■ The appellant also contends that the jury's answer of "No" to the injury question is contrary to the great weight and preponderance of the evidence. We must now consider all of the evidence to include that which is favorable to the appellee's viewpoint, and the evidence and inferences in favor of the appellant. *Traylor v. Goulding*, 497 S.W.2d 944 (Tex.Sup.1973).

The appellant called several lay witnesses to testify in general as to the appellant's health after the two accidents. The pertinent evidence, however, that would establish that the appellant was injured on April 3 is found in the testimony of Bonham and Dr. Wilk. Bonham testified, of course, that she was injured on both dates. Dr. Wilk's testimony was that, based on reasonable medical probability, Bonham was injured in both accidents and that the April 3 accident aggravated the injuries she received on March 30.

Appellant contends that the cross-examination of Dr. Wilk did no more than elicit mere possibility or "could have" type of evidence that Bonham may have received her injuries in some other way than the automobile accidents, or that the injuries could have been aggravated by some chiropractic treatment. And upon redirect-examination, Dr. Wilk reaffirmed his previous assertions as follows:

"Q Doctor, have there been anything at all on cross-examination or anything that Mr. Latham has gone into that would change your initial testimony based on reasonable medical probability that Mrs. Bonham was hurt on March 30th, 1971, and that subsequently she was hurt again on April 3, 1971 and that the second accident aggravated the first injury?

A No, there would be nothing to make me change my mind.

Q Is that still your opinion, Doctor, based on reasonable medical probability?

A. Yes, it is."

The appellant's argument is not persuasive. We cannot say that the jury's answer of "No" to the injury question is so against the great weight and preponderance of the evidence so as to be manifestly unjust. The appellant's point of error 6 is overruled.

Appellant complains, in points 1 and 2, of the court's refusal to grant her motion for mistrial and motion for new trial. Appellant contends that these motions should have been granted because of newly discovered evidence of the allegedly fraudulent testimony of Baldeschwiler.

Baldeschwiler was called by the appellant under the adverse party rule and he testified that he was driving his daughter's Volkswagen at the time of the accident. When asked if he had the car repaired, he answered that he did. His response to the question of what was the cost of those repairs was, "I think it was $75 to $80."

Similar questions were propounded, under Rule 168, T.R.C.P., by the appellant in interrogatories to Baldeschwiler prior to trial. These questions were not answered and appellant did not file a motion under that rule to compel an answer to the interrogatories. Nor did appellant move for a continuance.

Subsequent to trial appellant caused to issue a subpoena duces tecum to obtain the repair estimate prepared for the insurance carrier. The estimate was produced and reflected an amount of $377.06 to repair the damages to the Volkswagen sustained in the accident. The estimate was prepared by McKenzie Volkswagen, Inc. of Corpus Christi, Texas, on April 5, 1971. The insurance carrier is listed as State Farm. The name of the party for which the estimate was made is M. F. Valdeschwiler of 921 Sheppard; apparently B aldeschwiler. The parties then stipulated that this represented an estimate of repair cost. The above evidence was introduced at the hearing on the appellant's motion for mistrial. The motion was denied and the motion for new trial was overruled by operation of law.

Baldeschwiler's attorney argued to the jury that because the cost of repair to the Volkswagen was less than $100.00, the accident of April 3 was very minor and could not therefore have caused much damage to Bonham. Bonham contends that this misstatement of the cost of repairs supported this argument and thus prejudiced the jury against a finding of damage to her (Special Issue 8). Appellee answers that this statement was not an attempt to deliberately mislead. He points out that the trial was three years after the accident; that the Volkswagen was not his; and that his statement is not shown to be other than an opinion of what he thought the cost of repairs to be. He also argues that the repair estimate and the stipulation are simply opinions and not proof of the actual cost of repairs.

■ Granting a new trial upon newly discovered evidence is within the sound discretion of the trial judge. Unless an abuse of discretion is shown, the decision will not be disturbed on appeal. *Mercer v. Mercer*, 503 S.W.2d 395 (Tex.Civ.App.—Corpus Christi 1973, no writ); *Munden v. Chambless*, 315 S.W.2d 355 (Tex.Civ.App.—Dallas 1958, writ ref'd n. r. e.). Upon the hearing on the motion, the movant must show, among other things, that the evidence was not available at the time of trial. *New Amsterdam Casualty Company v. Jordan*, 359 S.W.2d 864, 866 (Tex.Sup.1962); *In re Y*, 516 S.W.2d 199 (Tex.Civ.App.—Corpus Christi 1974, writ ref'd n. r. e.); *Austin v. Gallaher*, 417 S.W.2d 363, 368 (Tex.Civ.App. —San Antonio 1967, writ dismissed). Bonham has not satisfied this non-availability of evidence requirement. The repair estimate was prepared approximately three years prior to trial. The record does not reflect that it was not available to Bonham through discovery available to her. Indeed, the very manner in which she eventually procured it is indicative of its availability. The appellant's points 1 and 2 are overruled.

Appellant contends in point 3 that the court erred in admitting evidence of a third party action. The record reflects extensive references to the litigation of the March 30 accident. Bonham and her witnesses were cross-examined as to their testimony in the prior trial.

■ Generally it is error to admit evidence of prior claims to show that the plaintiff is claims minded. See 2 McCormick and Ray, Texas Evidence § 1526 (1956). When the evidence, however, is offered to show statements which are inconsistent with the party's present position, it is receivable as an admission against interest. *St. Paul Fire & Marine Insurance Company v. Murphree*, 163 Tex. 534, 357 S.W.2d 744, 747 (1962). It has also been recognized that it is proper to allow a party to be fully cross-examined as to previous injuries, claims and actions to show that his present physical condition is not the result of the injury presently sued for, but was caused in whole or in part by an earlier or subsequent injury or a pre-existing condition. *Robertson v. Southwestern Bell Telephone Company*, 403 S.W.2d 459, 468 (Tex.Civ.App.—Tyler 1966, no writ). See *Franco v. Graham*, 470 S.W.2d 429 (Tex.Civ.App.—Corpus Christi 1971), aff'd 488 S.W.2d 390.

■ The appellee's argument at trial was that Bonham had previously claimed the

same damages in the trial concerning the March 30 accident. Under these circumstances, the evidence was properly admitted. Point 3 is overruled.

In her point 4, appellant complains of references in the jury argument by appellee's attorney to the third party action and the testimony of the appellee about the cost of repairs to the Volkswagen. If there was no error, as we have held in the forepart of this opinion, about the introduction of evidence on the third party action and the cost of repairs, then there was no error to refer to those matters in the jury argument. Point 4 is overruled.

The appellant claims, in her point 7, that because of the accumulation of errors set out in her other points, this case should be reversed. For the reasons we have discussed about those points, we overrule this point 7.

The judgment of the trial court is therefore affirmed.

NYE, C. J., not participating.