**Paula F. CHAGAS, Appellant,**

v.

**WEST BROS., INC., Appellee.**

**No. 18139.**

Court of Civil Appeals of Texas, Fort Worth.

Oct. 18, 1979.

Rehearing Denied Nov. 15, 1979.

Ernest May, Fort Worth, for appellant.

Simon & Simon, Mike Liles and Richard C. Bruse, Fort Worth, for appellee.

## OPINION

SPURLOCK, Justice.

This is an appeal from the take nothing judgment rendered against the plaintiff in a suit to recover damages from personal injuries allegedly sustained in an automobile collision. The judgment was based on a jury verdict which the plaintiff claims is against the great weight and preponderance of the evidence. Plaintiff also contends she was prejudiced by impeachment on collateral matters, and the admission of irrelevant medical records of unrelated illness and injury.

We affirm.

Paula Chagas was involved in an intersectional auto collision with the auto driven by Samuel Essmeier in downtown Dallas on February 9, 1971. Mrs. Chagas alleged that Essmeier struck her causing injury to her neck, back, and an eye. She sued West Brothers, Inc., alleging that Essmeier was driving the vehicle in the course of his agency for it. The case was tried to a jury. The jury failed to find that Essmeier was negligent. The jury found that Mrs. Chagas failed to keep a proper lookout and that her failure was a proximate cause of the occurrence in question. It failed to find that Mrs. Chagas was injured as a result of the occurrence in question. Based on the jury's verdict the trial court rendered judgment that Mrs. Chagas take nothing.

On appeal Mrs. Chagas complains about the judgment through three points of error. By her first point she contends she was prejudiced by improper impeachment concerning collateral matters. The record reflects that Mrs. Chagas was thoroughly impeached throughout the trial by effective cross-examination. The impeachment of which she complains relates to cross-examination concerning her involvement in several lawsuits unrelated to the present action. Mrs. Chagas claims she was prejudiced because the trial court permitted cross-examination over her objection which resulted in her being portrayed to the jury as a quarrelsome and litigious individual.

West Brothers contends that the trial court did not abuse its discretion in allowing the cross-examination in this area because Mrs. Chagas opened the door by her testimony. The record reflects that during direct examination Mrs. Chagas testified that she had been involved in some litigation over some real property in Arkansas. She claimed that the incapacity caused by the injuries she sustained in the collision resulted in her inability to properly manage the property. She contended that this inability caused this litigation which resulted in damage to her. The record further reflects that on cross-examination Mrs. Chagas was asked whether she was familiar with court procedure. She answered that she was not too well familiar as she had been in court very little.

While we agree with West Brothers that Mrs. Chagas's testimony certainly opened the door for cross-examination concerning the Arkansas litigation, we do not agree that it opened the door for questioning concerning every lawsuit involving her. West Brothers further contends that the cross-examination was proper impeachment of her credibility because it purported to show that Mrs. Chagas had been in court more than just a few times.

Although we recognize that the trial court has some discretion in this area, Mrs. Chagas has correctly stated the general rule that it is error to impeach a witness concerning collateral or immaterial matters. 1 C. McCormick & R. Ray, Texas Evidence, § 683, (2d ed. 1956). The test of admissibility of evidence which contradicts the testimony of a witness is whether the fact which contradicts the testimony would have been admissible for any purpose independent of mere contradiction. We cannot find any purpose for which the evidence of litigation

unrelated to either the present action or the Arkansas suit would be admissible. Therefore, we conclude that Mrs. Chagas was erroneously impeached on collateral matters.

We must next consider whether this error was harmful under Tex.R.Civ.P. 434. The record reflects that Mrs. Chagas was properly impeached concerning prior and subsequent injuries and claims. We conclude that although the improper impeachment was obviously harmful to some degree, it was not calculated to cause, nor probably did cause the rendition of an improper verdict. Therefore, we hold that the error is harmless.

[3] Mrs. Chagas next complains that the trial court erred in admitting evidence consisting of medical records which she alleges were of illnesses and injuries unrelated to the injuries she alleged were caused by the auto accident. After reviewing the records we conclude that they relate to injuries sustained by her both before and after the accident made the basis for this suit. It is proper to allow a thorough cross-examination concerning prior and subsequent injuries to show that the present physical condition of a party is not the result of the accident made the basis for the suit. *Bonham v. Baldeschwiler*, 533 S.W.2d 144 (Tex. Civ.App.—Corpus Christi 1976, writ ref'd n. r. e.). We conclude that the evidence was properly admitted and overrule Mrs. Chagas's second point of error.

■ Finally Mrs. Chagas complains that all of the answers to the special issues submitted to the jury are so against the great weight and preponderance of the evidence as to be manifestly wrong and unjust. In her brief Mrs. Chagas directs our attention to the jury's failure to find any injury resulting from this occurrence. The record reflects that there is ample evidence from which the jury could have found an injury if they had chosen to believe Mrs. Chagas. However, it is well settled that it is within the jury's province to believe or not to believe all or any part of the testimony of a witness.

In addition there was evidence that Mrs. Chagas did not seek any medical attention immediately after the accident. The record reflects that she drove from the scene of the collision in downtown Dallas to her home in Fort Worth. She then called her son and an attorney and posed for pictures in her car to depict the damage thereto. There was also evidence that on the day of the accident Mrs. Chagas and another woman inspected a house Mrs. Chagas was going to buy to see how much cleaning would be required. This inspection occurred after the accident. Thus we conclude that the jury's failure to find injury was not so against the great weight and preponderance of the evidence as to be manifestly wrong and unjust.

Since we have found that the jury's failure to find injury is not against the great weight and preponderance of evidence, we need not consider Mrs. Chagas's contentions that the other answers to special issues are against the great weight and preponderance of evidence. We note that each of the other issues complained of relate to liability. Where, as here, there is no injury and thus no damages, errors relating to liability would be at most harmless.

■ By a cross-point of error West Brothers complains the trial court erred in submitting the special issues in this case because even if the answers had been favorable to Mrs. Chagas, such a verdict would not have supported judgment for her because there was no evidence of agency or scope of employment between Essmeier and West Brothers. After reviewing the record we conclude that there was evidence which established that Essmeier was an employee of West Brothers and was driving the vehicle in the scope of his employment at the time of the occurrence in question. We overrule the cross-point of error.

We have duly considered each point of error and cross-point of error presented in complaint of the trial court's judgment. We decide that no error requiring reversal of the judgment has been shown. Each of appellant's points of error is overruled. Appellee's cross-point of error is overruled.

The judgment is affirmed.