### RUSSELL STOVER CANDIES, INC., Appellant,

v.

### Frank ELMORE, et ux., Appellees.

### No. 07–99–0310–CV.

Court of Appeals of Texas, Amarillo.

April 19, 2001.

Howard L. Close, Orgain, Bell & Tucker, L.L.P., Beaumont, for appellant.

Jane S. Brown, Provost & Humphrey Law Firm, L.L.P., Beaumont, for appellee.

Before QUINN and REAVIS and JOHNSON, JJ.

REAVIS, Justice.

Presenting five issues, Russell Stover Candies, Inc. appeals from a judgment following a jury trial that Frank Elmore recover $696,210.77 from it as compensatory damages occasioned by a rear-end collision, and pre-judgment interest, plus ten percent post-judgment interest. Specifically, Russell Stover contends 1) the trial court erred in denying its motion for mistrial and motion for reconsideration of its motion for mistrial based upon the unsolicited reference to insurance, 2) Elmore did not present proper or sufficient evidence in support of his past and future lost wages claims, 3) the trial court erred in excluding evidence of Elmore's pre-accident earnings, 4) the trial court erred in excluding evidence of Elmore's pre-accident physical condition and work history, and 5) the damages found by the jury were excessive, manifestly unjust, and were not supported by the evidence. Based on the rationale expressed herein, we reverse and remand the cause to the trial court for a new trial.

Following a rear-end collision on April 17, 1995, Elmore sued Russell Stover and its employee, Susan McKnight, for personal injuries. The action against McKnight was dismissed with prejudice during trial before the charge was submitted to the jury. Russell Stover stipulated to liability and the case went to the jury on the sole question of Elmore's damages. Because Russell Stover stipulated to liability and presents no issue contesting it, the details of the accident are not necessary for the disposition of this appeal.

Elmore, age 50 at the time of trial, commenced working for Ameripol Synpol in October 1982 as a machinist and remained so employed through the time of trial. The jury awarded Elmore damages as follows:

| | | |
|---|---|---|
| a. | Lost wages sustained in the past | $ 18,000 |
| b. | Lost wages that in reasonable probability will be sustained in the future | $ 94,000 |
| c. | Medical care incurred in the past | $ 8,408 |
| d. | Medical care that in reasonable probability will be incurred in the future | $ 69,000 |
| e. | Physical pain and mental anguish sustained in the past | $ 15,000 |
| f. | Physical pain and mental anguish that in reasonable probability will be sustained in the future | $150,000 |
| g. | Physical impairment sustained in the past | $ 15,000 |
| h. | Physical impairment that in reasonable probability will be sustained in the future | $156,000 |

After denying Russell Stover's motion to disregard jury findings and motion for mistrial, the trial court rendered its amended judgment that Elmore recover $696,210.77 in damages against Russell Stover, plus 10% interest from date of judgment until paid.

By its fourth issue, Russell Stover contends that the trial court erred in excluding evidence of Elmore's pre-accident physical condition and work history. By its argument, Russell Stover identifies the excluded evidence as its exhibit 20, presented in its bill of exception, which included records of Elmore's (pre-accident) treating physician Dr. M.W. Hayes. We agree.

During cross-examination, Elmore acknowledged that before the accident, between 1989 and 1994, he had four surgeries: one to each elbow and one to each knee. Elmore also testified that he had fully recovered from the conditions requiring the four surgeries by the time of the accident. Because the trial court had granted a motion in limine which covered medical reports relating to prior injuries sustained by Elmore, upon completion of his cross-examination, counsel for Russell Stover then requested to make his bill of exception as it related to exhibit 20. After the jury was recessed and while Elmore was still on the stand, the following was presented:

Q: And we talked earlier today about the fact that you had the elbow and the knee surgeries. Those were done by Dr. Marshall Hayes and his group here, correct?

A: Yes, sir.

Q: Drs. Bessel, Domingues, and Hayes?

A: Yes, sir.

Mr. Close: Your Honor, I have got Dr. Hayes' records, as well. I would like to offer those as part of my bill.

The Court: Okay.

Mr. Close: I think they show the actual surgeries that were done in the treatment of Mr. Elmore over that period of time.

Then, the Judge announced that he would admit exhibit 20 for purposes of the bill of exception. Exhibit 20 included 16 pages of printed/handwritten medical reports, from December 1989 through August 1994. The last entry on the August 31, 1994 report stated:

SUMMARY: Seen in final follow up of his right elbow injury. He has mild residual symptoms in the right lateral elbow after strenuous physical activities. Otherwise he is essentially asymptomatic. ROM is good. There is mild tenderness over the extensor origin.

Mr. Elmore has reached MMI. He is mildly symptomatic which causes mild diminished grip strength in his right arm on occasions. I estimate a 10% permanent physical impairment in the right arm due to his injury. This relates to a 6% impairment of the whole person. He is discharged from my care and should return only as needed. MH.

Based upon Elmore's objection that the medical records (exhibit 20) were not relevant, the trial court excluded them from evidence and the jury was therefore unaware that only eights months before the accident, Elmore's treating physician had estimated 10% permanent physical impairment to his right arm which translated to 6% impairment of the whole person.

■■■ Texas Rule of Evidence 611(b) provides that:

**Scope of Cross Examination.** A witness may be cross-examined on any matter relevant to any issue in the case, including credibility.

The allowed scope of cross-examination is broad and wide-ranging and extends to any matter relevant to the issues. *Hogue v. Kroger Store No. 107, 875 S.W.2d 477, 480* (Tex.App.—Houston [1st Dist.] 1994, writ denied). Relevancy permits inquiry into the witness's interest, bias, motives, inclinations, and prejudices. *Id.* In *Texas Employers' Insurance Ass'n v. Garza*, 308 S.W.2d 521, 527 (Tex.Civ.App.—Amarillo 1957, writ ref'd n.r.e), we held that relevancy is not applied with the same strictness in a cross-examination as in the examination in chief.

■■■ Further, the decision whether to admit evidence rests within the sound discretion of the trial court. *See National Liability and Fire Ins. v. Allen*, 15 S.W.3d 525, 527 (Tex.2000); *Hur v. City of Mesquite*, 893 S.W.2d 227, 234 (Tex.App.—Amarillo 1995, writ denied). An abuse of discretion occurs where the trial court acts without reference to any guiding rules or principles, or in other words, whether the act was arbitrary or unreasonable. *See Goode v. Shoukfeh*, 943 S.W.2d 441, 446 (Tex.1997). In this regard, we should also take into consideration the statement of policy by the Court favoring cross-examination in *Davidson v. Great Nat. Life Ins. Co.*, 737 S.W.2d 312, 313 (Tex.1987), as follows:

Cross-examination is a safeguard essential to a fair trial and a cornerstone in the quest for truth. Longstanding principles of our jurisprudence recognize the

right and necessity of full and complete cross-examination. . . .

The right to cross-examine a witness is a substantial one, and it is error to so restrict it as to prevent the cross-examining party from going fully into all matters connected with the examination in chief. . . .

In *Minns v. Piotrowski*, 904 S.W.2d 161, 173 (Tex.App.—Waco 1995), writ denied per curiam, 917 S.W.2d 796 (Tex.1996), the court held that the trial court erred by refusing to admit prior tax returns as they related to her claimed diminished earning capacity.

*Bonham v. Baldeschwiler*, 533 S.W.2d 144, 148 (Tex.Civ.App—Corpus Christi 1976, writ ref'd n.r.e), recognized the rule that a party may be fully cross-examined as to previous injuries, claims, and actions to show that his present physical condition is not the result of the injury presently sued for, but was caused in whole or in part by an earlier or subsequent injury or a pre-existing condition. *See also Chagas v. West Bros., Inc.* 589 S.W.2d 185, 187 (Tex.Civ.App.—Fort Worth 1979, no writ). Elmore asserts that the reports of Dr. Hayes were not relevant to any issues, but cites no authority to support the contention. Here, the reports of Elmore's treating physician demonstrate that only a few months before the accident, the physician had certified 6% permanent disability. This analysis is contrary to Elmore's assertion that he had fully recovered from the pre-accident injuries when the accident occurred and we conclude that the medical reports were relevant and that the trial court erred in excluding them from evidence.

■■■■ Having determined that the exclusion of the reports of Elmore's treating physician which followed his four surgeries before the accident was error, even though neither party addresses Tex.R.App.P.

44.1(a)(1), we must next determine whether that exclusion constituted reversible error; that is, whether it was reasonably calculated to cause and probably did cause rendition of an improper judgment. It is often stated that it is impossible to prescribe a specific test for "determining whether any error . . . [including] the improper admission or exclusion of evidence . . . 'was reasonably calculated to cause and probably did cause the rendition of an improper judgment.'" *McCraw v. Maris*, 828 S.W.2d 756, 757 (Tex.1992); *Gee v. Liberty Mut. Ins. Co.*, 765 S.W.2d 394, 396 (Tex.1989). The rule does not require that the complaining party prove that "but for" the exclusion of evidence, a different judgment would necessarily have resulted, but instead must only show that the excluded evidence probably resulted in the rendition of an improper judgment. *McCraw*, 828 S.W.2d at 758; *Howard v. Faberge, Inc.*, 679 S.W.2d 644, 648 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.). In *Lorusso v. Members Mut. Ins. Co.*, 603 S.W.2d 818, 821 (Tex.1980), the Court observed that a determination of whether the error is reversible error necessarily involves a "judgment call entrusted to the sound discretion and good senses of the reviewing court" based upon an evaluation of the entire record.

■■■■ Turning then to the record before us, we first note that by erroneously sustaining Elmore's objection of relevance, the trial court excluded from jury consideration the only medical evidence of Elmore's physical condition following his four surgeries to his knees and elbows and prior to the accident made the basis of the underlying action. Had it been admitted into evidence, the jury would have been informed that Elmore's treating physician concluded that he had 6% disability to his whole body before the accident. Because the evaluation of 6% impairment was made

before the accident, any uncertainty as to whether the car accident caused such disability or whether the disability was pre-existing, was removed. However, the jury was not permitted to consider the report. Further, by their eight answers to the damage questions, the jury found that Elmore's total damages were $526,408. Of this amount, 89% of the award was for "future," not past damages.[1] Therefore, the extent of Elmore's pre-accident disability was a uniquely important factor because according to the jury, most of the damages were future, not past damages.

Next, we note that instead of submitting a question of "loss of earning capacity in the future," the question was submitted as "lost wages that in reasonable probability will be sustained in the future." [2] By submitting the question as loss of earnings, Elmore's burden of proving loss of earnings was greater than proving diminished earning capacity. *Bailey v. Merrill*, 582 S.W.2d 489, 491 (Tex.Civ.App.—Beaumont 1979, writ ref'd n.r.e). Because of the heightened burden of proof, the fact that the jury was not provided any medical evidence of Elmore's physical condition before the accident, and the obvious focus of the jury on damages in the future, the exclusion of the pre-accident medical evaluation takes on added significance.

In *McCraw*, the Court held that harmful error may result from the erroneous exclusion of evidence. 828 S.W.2d at 758. Similarly, considering the record as a whole, including the matters mentioned above, we conclude that the error resulting from Russell Stover's thwarted cross-examination of Elmore was reasonably calculated to cause and probably did cause rendition of an improper judgment. Russell Stover's fourth issue is sustained.

Having sustained Russell Stover's fourth issue and concluded that the judgment of the trial court must be reversed and the cause remanded, we do not address the remaining issues because such is unnecessary, Tex.R.App.P. 47.1, and would amount to an advisory opinion. *Valley Baptist Medical Center v. Gonzalez*, 33 S.W.3d 821, 822 (Tex.2000).

Accordingly, we reverse the judgment and remand the cause to the trial court for further proceedings.

---

1. Elmore lost only four days from work as a result of the accident and the award for his past medical care was only $8,408.

2. Elmore acknowledges that the preferred submission is to submit the issue as diminished earning capacity in the future, but points out that error was not preserved.