NO. 07-03-0393-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 4, 2005

_____


REUBEN LOWING AND ORLIN NORRIS, JR., APPELLANTS

V.

DARYL WILLIAMS, APPELLEE


_____

FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2003-521,472; HONORABLE J. BLAIR CHERRY, JR., JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**


By this restricted appeal, appellant Reuben Lowing challenges a default judgment

that appellee Daryl Williams recover $14,000 from him and Orlin Norris, Jr.[1] Presenting two

_____

[1]Notice of appeal was filed by counsel for Reuben Lowing and Orlin Norris, Jr., but
no brief was filed on behalf of Orlin Norris, Jr.

issues, Lowing contends (1) he is entitled to a restricted appeal and (2) the trial court erred in granting a judgment in favor of Williams because the contract contained a forum selection clause placing jurisdiction of the action in the state of New York. We affirm.

On October 11, 2002, Williams, a Texas resident and boxer, entered into a written contract entitled Boxer–Manager Agreement with Norris, a Texas resident, and Lowing, a California resident. Among other things, the contract provided that Williams would be paid a monthly stipend of $2,800 and further provided:

> This Agreement shall be governed by and construed with the laws of the State of New York, without giving effect to the principals of conflict of laws. ANY LITIGATION BASED HEREON, OR ARISING OUT OF, UNDER, OR IN CONNECTION WITH THIS AGREEMENT OR ANY OTHER AGREEMENT CONTEMPLATED HEREBY, SHALL BE BROUGHT AND MAINTAINED EXCLUSIVELY IN THE STATE AND FEDERAL COURTS IN THE STATE OF NEW YORK.

Contending that Lowing and Norris failed to pay the agreed monthly stipend, Williams filed suit on March 27, 2002. Lowing was served by certified mail sent March 31, 2003, and received on April 15, 2003. Norris was personally served on May 6, 2003, and citation was returned and filed with the clerk on May 7, 2003. Lowing and Norris did not answer and after hearing evidence on May 23, 2003, the trial court signed a judgment on June 2, 2003, that Williams recover $14,000 against them.

By his first issue, Lowing contends that he is entitled to a restricted appeal. We agree. The purpose of a restricted appeal,[2] is to protect a party who did not participate during trial and did not discover that judgment had been rendered against him until after the judgment was signed. Jackson v. Biotectronics, Inc., 937 S.W.2d 38, 42 (Tex.App.--Houston [14th Dist.] 1996, no writ). A direct attack on the judgment by writ of error must (1) be brought within six months after the judgment was signed, (2) by a party to the suit, (3) who did not participate in the actual trial, and (4) the error complained of must be "apparent from the face of the record." Tex. Civ. Prac. & Rem. Code Ann. § 51.013 (Vernon 1986); Tex. R. App. P. 26.1(c) and 30; General Electric v. Falcon Ridge Apts., 811 S.W.2d 942, 943 (Tex. 1991). Lowing's first issue is sustained.

By his second issue, focusing on the forum selection clause, Lowing contends that the trial court erred in rendering judgment. We disagree.

### Standard of Review

A trial court's decision whether a forum selection clause is valid and/or should be enforced is reviewed for an abuse of discretion. My Café CC, Ltd. v. Lunchstop, Inc., 107 S.W.3d 860, 864 (Tex.App.–Dallas 2003, no pet.); Barnett v. Network Solutions, Inc., 38 S.W.3d 200, 203 (Tex.App.–Eastland 2001, pet. denied). An abuse of discretion occurs only if the trial court acts without reference to any guiding rules or principles, *i.e.*, if its

---

[2]*See* Tex. R. App. P. 30, formerly Tex. R. App. P. 45.

decision is arbitrary and unreasonable. City of San Benito v. Rio Grande Valley Gas Co., 109 S.W.3d 750, 757 (Tex. 2003); Russell Stover Candies, Inc. v. Elmore, 58 S.W.3d 154, 157 (Tex.App.–Amarillo 2001, pet. denied). Because this is a restricted appeal, any error in not enforcing the forum selection clause must be apparent from the face of the record to support the reversal of the judgment. Gold v. Gold, 111 S.W.3d 799, 803 (Tex.App.–Dallas 2003), *rev'd on other grounds*, 145 S.W.3d 212 (Tex. 2004) (citing Brown v. Brookshires Grocery Store, 10 S.W.3d 351 (Tex.App.–Dallas 1999, pet. denied).

Forum selection clauses will be enforced in Texas if (1) the parties have contractually consented to submit to the exclusive jurisdiction of another state and (2) the other state recognizes the validity of such provisions. *See My Café CCC*, *Ltd.*, 107 S.W.3d at 864. In support of his contention that New York recognizes forum selection clauses, Lowing suggests that this factor is satisfied because the contract was prepared by New York counsel who were familiar with New York law. However, he does not make any citation to the record where the author of the contract was identified. Moreover, Lowing's argument is unsupported by citation of any legal authority demonstrating that New York recognizes the validity of the forum selection clause, particularly where neither party resides or does business in New York and the amount in controversy is less than $20,000. As an appellate court we are not required to conduct research to find authority supporting an essential element of Lowing's argument. In Re Moody, 93 S.W.3d 928, 929 (Tex.App.--Amarillo 2003, no pet.). Issue two is overruled.

4

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Johnson, C.J., concurring.

NO. 07-03-0393-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 4, 2005

_____


REUBEN LOWING AND ORLIN NORRIS, JR., APPELLANTS

V.

DARYL WILLIAMS, APPELLEE


_____

FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2003-521,472; HONORABLE J. BLAIR CHERRY, JR., JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.


**CONCURRING OPINION**


Appellant Lowing's second issue urges that the forum selection clause at issue deprived the trial court of jurisdiction. Enforcement of forum-selection clauses do not, however, deprive Texas courts of jurisdiction. See General Resources Org., Inc. v.

6

<u>Deadman</u>, 907 S.W.2d 22, 27-8 (Tex.App.–San Antonio 1995, writ denied). <u>See</u>, <u>also</u>, <u>The Bremen v. Zapata Off-Shore Co.</u>, 407 U.S. 1, 12-13, 92 S.Ct. 1907, 1914. Thus, even though Williams did not plead or prove the unreasonableness, unjustness, or invalidity of the clause, as was his burden if he contested the clause, <u>see</u> <u>In re Automated Collection Technologies., Inc</u>., _ S.W.3d _, _ (Tex. 2004); <u>In re AIU Ins</u>. Co., _ S.W.3d _, _ (Tex. 2004) (Texas courts must specifically enforce forum-selection clauses unless the party opposing enforcement clearly shows that enforcement would be unreasonable and unjust, or that the clause is invalid for some reason such as fraud or overreaching), Lowing's issue must be overruled. See <u>Texas Nat'l Bank v. Karnes</u>, 717 S.W.2d 901, 903 (Tex.1986).

I concur in the result reached by the majority.


Phil Johnson
Chief Justice