NO. 07-03-0393-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JANUARY 4, 2005



______________________________




REUBEN LOWING AND ORLIN NORRIS, JR., APPELLANTS



V.



DARYL WILLIAMS, APPELLEE




_________________________________



FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2003-521,472; HONORABLE J. BLAIR CHERRY, JR., JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 By this restricted appeal, appellant Reuben Lowing challenges a default judgment
that appellee Daryl Williams recover $14,000 from him and Orlin Norris, Jr. (1) Presenting two
issues, Lowing contends (1) he is entitled to a restricted appeal and (2) the trial court erred
in granting a judgment in favor of Williams because the contract contained a forum
selection clause placing jurisdiction of the action in the state of New York. We affirm. 

 On October 11, 2002, Williams, a Texas resident and boxer, entered into a written
contract entitled Boxer-Manager Agreement with Norris, a Texas resident, and Lowing, a
California resident. Among other things, the contract provided that Williams would be paid
a monthly stipend of $2,800 and further provided:

 This Agreement shall be governed by and construed with the laws of the
State of New York, without giving effect to the principals of conflict of laws. 
ANY LITIGATION BASED HEREON, OR ARISING OUT OF, UNDER, OR
IN CONNECTION WITH THIS AGREEMENT OR ANY OTHER
AGREEMENT CONTEMPLATED HEREBY, SHALL BE BROUGHT AND
MAINTAINED EXCLUSIVELY IN THE STATE AND FEDERAL COURTS IN
THE STATE OF NEW YORK. 


 Contending that Lowing and Norris failed to pay the agreed monthly stipend,
Williams filed suit on March 27, 2002. Lowing was served by certified mail sent March 31,
2003, and received on April 15, 2003. Norris was personally served on May 6, 2003, and
citation was returned and filed with the clerk on May 7, 2003. Lowing and Norris did not
answer and after hearing evidence on May 23, 2003, the trial court signed a judgment on
June 2, 2003, that Williams recover $14,000 against them.

 By his first issue, Lowing contends that he is entitled to a restricted appeal. We
agree. The purpose of a restricted appeal, (2) is to protect a party who did not participate
during trial and did not discover that judgment had been rendered against him until after
the judgment was signed. Jackson v. Biotectronics, Inc., 937 S.W.2d 38, 42 (Tex.App.--Houston [14th Dist.] 1996, no writ). A direct attack on the judgment by writ of error must
(1) be brought within six months after the judgment was signed, (2) by a party to the suit,
(3) who did not participate in the actual trial, and (4) the error complained of must be
"apparent from the face of the record." Tex. Civ. Prac. & Rem. Code Ann. § 51.013
(Vernon 1986); Tex. R. App. P. 26.1(c) and 30; General Electric v. Falcon Ridge Apts., 811
S.W.2d 942, 943 (Tex. 1991). Lowing's first issue is sustained.

 By his second issue, focusing on the forum selection clause, Lowing contends that
the trial court erred in rendering judgment. We disagree. 

Standard of Review


 A trial court's decision whether a forum selection clause is valid and/or should be
enforced is reviewed for an abuse of discretion. My Café CC, Ltd. v. Lunchstop, Inc., 107
S.W.3d 860, 864 (Tex.App.-Dallas 2003, no pet.); Barnett v. Network Solutions, Inc., 38
S.W.3d 200, 203 (Tex.App.-Eastland 2001, pet. denied). An abuse of discretion occurs
only if the trial court acts without reference to any guiding rules or principles, i.e., if its
decision is arbitrary and unreasonable. City of San Benito v. Rio Grande Valley Gas Co.,
109 S.W.3d 750, 757 (Tex. 2003); Russell Stover Candies, Inc. v. Elmore, 58 S.W.3d 154,
157 (Tex.App.-Amarillo 2001, pet. denied). Because this is a restricted appeal, any error
in not enforcing the forum selection clause must be apparent from the face of the record
to support the reversal of the judgment. Gold v. Gold, 111 S.W.3d 799, 803
(Tex.App.-Dallas 2003), rev'd on other grounds, 145 S.W.3d 212 (Tex. 2004) (citing Brown
v. Brookshires Grocery Store, 10 S.W.3d 351 (Tex.App.-Dallas 1999, pet. denied).

 Forum selection clauses will be enforced in Texas if (1) the parties have
contractually consented to submit to the exclusive jurisdiction of another state and (2) the
other state recognizes the validity of such provisions. See My Café CCC, Ltd., 107 S.W.3d
at 864. In support of his contention that New York recognizes forum selection clauses,
Lowing suggests that this factor is satisfied because the contract was prepared by New
York counsel who were familiar with New York law. However, he does not make any
citation to the record where the author of the contract was identified. Moreover, Lowing's
argument is unsupported by citation of any legal authority demonstrating that New York
recognizes the validity of the forum selection clause, particularly where neither party
resides or does business in New York and the amount in controversy is less than $20,000.
As an appellate court we are not required to conduct research to find authority supporting
an essential element of Lowing's argument. In Re Moody, 93 S.W.3d 928, 929 (Tex.App.--Amarillo 2003, no pet.). Issue two is overruled.

 Accordingly, the judgment of the trial court is affirmed. 

 Don H. Reavis

 Justice

 


Johnson, C.J., concurring.

NO. 07-03-0393-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JANUARY 4, 2005



______________________________




REUBEN LOWING AND ORLIN NORRIS, JR., APPELLANTS



V.



DARYL WILLIAMS, APPELLEE




_________________________________



FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2003-521,472; HONORABLE J. BLAIR CHERRY, JR., JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

CONCURRING OPINION


 Appellant Lowing's second issue urges that the forum selection clause at issue
deprived the trial court of jurisdiction. Enforcement of forum-selection clauses do not,
however, deprive Texas courts of jurisdiction. See General Resources Org., Inc. v.
Deadman, 907 S.W.2d 22, 27-8 (Tex.App.-San Antonio 1995, writ denied). See, also, The
Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 12-13, 92 S.Ct. 1907, 1914. Thus, even
though Williams did not plead or prove the unreasonableness, unjustness, or invalidity of
the clause, as was his burden if he contested the clause, see In re Automated Collection
Technologies., Inc., _ S.W.3d _, _ (Tex. 2004); In re AIU Ins. Co., _ S.W.3d _, _ (Tex.
2004) (Texas courts must specifically enforce forum-selection clauses unless the party
opposing enforcement clearly shows that enforcement would be unreasonable and unjust,
or that the clause is invalid for some reason such as fraud or overreaching), Lowing's issue
must be overruled. See Texas Nat'l Bank v. Karnes, 717 S.W.2d 901, 903 (Tex.1986). 

 I concur in the result reached by the majority. 

 

 Phil Johnson

 Chief Justice




 

 

 

 

 


1. Notice of appeal was filed by counsel for Reuben Lowing and Orlin Norris, Jr., but
no brief was filed on behalf of Orlin Norris, Jr. 
2. See Tex. R. App. P. 30, formerly Tex. R. App. P. 45.