

In The

Court of Appeals

Seventh District of Texas at Amarillo

No. 07-24-00071-CV

IN THE INTEREST OF O.L.C., S.A.C., AND A.B.C., CHILDREN

On Appeal from the 45th District Court
Bexar County, Texas
Trial Court No. 2006-CI-00509, Honorable Marisa Flores, Presiding

December 18, 2024

MEMORANDUM OPINION[1]

Before QUINN, C.J., and PARKER and DOSS, JJ.

This matter is a cross-appeal from an enforcement order involving the payment of child health insurance premiums. Timothy Joseph Connolly was found in contempt for neglecting the duty. Furthermore, the trial court awarded Brooke Benson $60,203.47 as reimbursement for fulfilling her ex-husband's obligation. Connolly challenges the trial court's order through six issues. Benson cross-appealed, challenging the trial court's denial of attorney's fees. We reverse and remand.

---

[1] Because this matter was transferred from the Fourth Court of Appeals, we apply its precedent when it conflicts with that of the Seventh Court of Appeals. See TEX. R. APP. P. 41.3.

### Background

The parties divorced in March 2006. The Final Decree of Divorce ordered Connolly to provide their three minor children with health insurance. In 2011, Benson began carrying the insurance for the children and paying the premiums. That resulted in Connolly's removing the children from his policy.

After their third child turned 18 and graduated from high school, Benson filed a motion for enforcement of medical support order, seeking reimbursement from Connolly for the health and dental premiums she claimed she paid for the years 2011 through 2022. This motion was based on language in the decree that if a parent who is ordered to provide health insurance for the children fails to do so, that parent is liable "for the cost of the health insurance premiums or contributions, if any, paid on behalf of the children."

The trial court held a hearing on the motion, after which it signed an order holding Connolly in contempt and awarding Benson reimbursement for medical insurance premiums in the amount of $60,203.47. It also denied Benson's request for attorney's fees.

### Connolly's Appeal

### Issue Six—Exclusion of Evidence

Connolly initially urged an issue attacking the sufficiency of the evidence underlying the trial court's award of $60,203.47. However, we first address Connolly's issue six. It pertains to the improper admission of evidence. The evidence in question consists of multiple documents offered by Benson at trial. Those documents served as the means by which Benson calculated the purported sum due from her ex-husband. And, we consider it first because, if inadmissible, they cannot be considered in assessing

2

whether sufficient evidence supports the trial court's award. *See Insignia Hospitality Group, Inc. v. Jalaram Guru, LLC*, No. 07-19-00057-CV, 2020 Tex. App. LEXIS 4146, at *16 (Tex. App.—Amarillo May 27, 2020, pet. denied) (mem. op.) (stating that when conducting a sufficiency of the evidence review in civil cases, inadmissible evidence may not be considered).

Connolly initially objected to the documents at issue because of Benson's non-compliance with Texas Rule of Civil Procedure 194.4(b). In overruling the objection, the trial court merely said: "[s]he's allowed to be able to authenticate her documents, all right." In so ruling, the trial court allegedly erred. We sustain the issue.

Per Rule 194.4(a)(2), "a party must provide to the other parties and promptly file the following information about the evidence that it may present at trial other than solely for impeachment . . . a list identifying each document or other exhibits, including summaries of other evidence–separately identifying those items the party expects to offer and those it may offer if the need arises." TEX. R. CIV. P. 194.4(a)(2). That disclosure "must be made at least 30 days before trial," unless the court orders otherwise. *Id.* at 194.4(b). Furthermore, one failing to "make, amend, or supplement a discovery response, including a required disclosure, in a timely manner may not introduce in evidence the material or information that was not timely disclosed . . . unless the court finds that" the failure resulted from "good cause," *id.* at 193.6(a)(1), or it "will not unfairly surprise or unfairly prejudice the other parties." *Id.* at 193.6(a)(2). Without a finding under either 193.6(a)(1) or (2), exclusion is both mandatory and automatic. *Cincinnati Ins. Co. v. Villanueva*, No. 04-20-00389-CV, 2022 Tex. App. LEXIS 1436, at *10-11 (Tex. App.—San Antonio Mar. 2, 2022, pet. denied) (mem. op.).

3

Here, no one disputes that Benson failed to list the documents to which Connolly objected in a timely pretrial disclosure as required by 194.4(a)(2) and (b).[2] Nor did the trial court expressly find that the omission was excused under either 193.6(a)(1) or (2). Indeed, Benson did not urge, at trial, that either provision excused her omission. Nor did she proffer either evidence or argument indicating 1) Connolly knew of their existence, 2) they were otherwise available to him, 3) their use exposed him to no harm or prejudice, or 4) she had reason to non-comply with Rule 194.4(b). That absence of argument and evidence is of particular import since the burden lay upon her to satisfy either 193.6(a)(1) or (2). *In the Interest of T.K.D-H*, 439 S.W.3d 473, 479 (Tex. App.—San Antonio 2014, no pet.) (noting that the burden of establishing good cause or the lack of prejudice or surprise is on the party seeking to admit the evidence).

And though Benson argues, for the first time on appeal, that Connolly suffered neither surprise nor prejudice, her contention is misplaced. She based it on the notion that Connolly knew of his obligation to pay health premiums, failed to pay them, and knew his ex-wife provided the requisite coverage and knew that she sought reimbursement. Yet, one must remember that the pivotal issue concerns the amount Benson sought to recover. Indeed, Connolly knew of his responsibility. So, that was not necessarily in play. What he owed was, however. And, Benson directs us to nothing showing he knew of the manner and means by which she would prove the sums she paid. Nor does she direct

---

[2] The items consisted of 1) purported 1095 Health Coverage forms for the years 2015 through 2022 and allegedly received from Benson's certified public accountant, 2) a spread sheet created by Benson showing health premiums paid over a period of years, 3) unauthenticated business records purportedly created by and obtained from "Wells Fargo human resources . . . [certifying] the amounts deducted from [Benson's] checks during the years of employment there," and 4) a Humana flyer that was ultimately excluded by the trial court. In addition to voicing a 194.4 complaint, Connolly also objected to each being inadmissible hearsay.

us to evidence indicating his awareness of the unauthenticated, hearsay-laden exhibits she intended to utilize to establish the sum due.[3]  And if, as she suggests, his general knowledge about the nature of her claim garnered prior to suit was enough to illustrate compliance with 194.4 or satisfaction of 193.6(a)(1) or (2), then both rules would be shorn of substance.  Indeed, a party could then simply avoid compliance with those rules by merely saying "he knew his responsibility;" "he knew I claimed he owed me money;" "he could have read my petition, complaint, demand letters, or motion which informed him of his purported liability and the recovery I sought;" and "that's enough."  Yet, the disclosure rules like 193.6 serve to promote responsible assessment of settlement, prevent trial by ambush, and afford opponents the chance to prepare rebuttal testimony.  *ETC Tex. Pipeline, Ltd. v. XTO Energy Inc.*, No. 11-22-00350-CV, 2024 Tex. App. LEXIS 6773, at *22-23 (Tex. App.—Eastland Sept. 12, 2024, no pet.) (mem. op.).  Providing a list identifying potential exhibits and summaries of other evidence one may utilize at trial serves those ends.  Providing an inaccurate demand letter[4] and claiming he knew of his obligation, knew his ex-spouse assumed payment of the premiums, and knew she paid other medical expenses incurred (as Benson does here) does not.  Little of that serves to illustrate his awareness of the actual sum Benson intended to prove at trial and how she

---

[3] To meet her burden, Benson attempted to use several documents, including a Humana flyer that was ultimately excluded, and the aforementioned records from Wells Fargo that ostensibly showed the bulk of the premiums paid.  The documents contained hearsay and often were unauthenticated.  For instance, when she proffered the Wells Fargo records which contained the bulk of information illustrating health premiums supposedly paid, the trial court asked if she accompanied them with a business records affidavit for authentication purposes.  Benson answered no.  Nor did she attempt to remove them from the scope of the hearsay rule through means such as Rule of Evidence 803(6).  Nevertheless, the items were admitted.

[4] Benson's demand letter mentioned a liability of $90,000 while she only sought $60,000 at trial. *See ETC Tex. Pipeline, Ltd.*, 2024 Tex. App. LEXIS 6773, at *24-25 (concluding that inaccurate information provided in an untimely disclosure does not allow for the promotion of a responsible assessment of settlement or proper preparation of rebuttal evidence).

intended to prove it. As said in *ETC Tex.*, "to establish the absence of unfair surprise or prejudice, the party seeking to offer the [evidence] . . . must establish that the other party had enough evidence to reasonably assess settlement, to avoid trial by ambush, and to prepare rebuttal to expert testimony." *Id.* at \*23. The circumstances Benson presents us in her appellate brief falls short of that.

That Connolly may not have attempted to show surprise or prejudice below or could have undertaken effort to avoid surprise, as Benson also suggests, is inconsequential. The rules contemplate automatic exclusion of the evidence for non-compliance ***unless the defaulting party satisfies*** 193.6(a)(1) or (2). The onus under 193.6 was Benson's to negate prejudice or surprise, not Connolly's to avoid surprise or prejudice. Similarly deficient is her suggestion that her "initial disclosures" sufficed to insulate him from prejudice or surprise. The content of those "initial disclosures" was not provided the trial court or part of its assessment. So, they lay beyond our purview. And, it is not enough for Benson to simply attach them as an exhibit to her appellate brief; such attachments are outside the scope of our review. *Wiegand v. Kinnard*, No. 07-15-00406-CV, 2016 Tex. App. LEXIS 3219, at \*3 (Tex. App.—Amarillo Mar. 29, 2016, no pet.) (mem. op.) (appellate courts cannot consider documents attached to an appellate brief that do not appear in the record).

Again, the trial court did not expressly find the existence of good cause or non-existence of surprise or prejudice. To the extent overruling the objection could be interpreted as an implied finding favoring Benson, such a finding would be an instance of abused discretion. *See Russell Stover Candies, Inc. v. Elmore*, 58 S.W.3d 154, 157 (Tex. App.—Amarillo 2001, pet. denied) (stating that the decision whether to admit evidence

6

rests within the sound discretion of the trial court and such discretion is abused when the trial court acts without reference to any guiding rules or principles, or in other words, whether the act was arbitrary or unreasonable).  As discussed above, little to no evidence or circumstances illustrate that Benson had good cause to not comply with 194.4.  The same is true of surprise and prejudice; little to no evidence suggests Connolly suffered from neither, as discussed.  He may not have suffered, but the record fails to illustrate as much.  Given these circumstances, any implied finding of good cause or no surprise or prejudice would be arbitrary.

In short, the documents underlying Benson's calculations should have been excluded from admission.  In not doing so, the trial court erred.

Upon looking at the entirety of the record, we cannot say the error in question was harmless.  Had the documents been excluded as required by Rule 193.6, the only evidence of the amount due from Connolly would be Benson's utterance that the sum was $60,203.47.  Yet, that utterance would be conclusory since it lacked explanation or basis upon which to affirm it.  *Lefton v. Griffith*, 136 S.W.3d 271, 277 (Tex. App.—San Antonio 2004, no pet.) (deeming the valuation both conclusory given the absence of factual basis on which to affirm it and, therefore, inadequate to support the award of damages).  Being conclusory, it could not support the award of $60,203.47.  *Windrum v. Kareh*, 581 S.W.3d 761, 770 (Tex. 2019) (stating that conclusory evidence "is considered no evidence").  Thus, the error probably caused the rendition of an improper judgment.  *See* TEX. R. APP. P. 44.1(a)(1) (stating that error in a civil case is harmful when it probably caused the rendition of an improper judgment).

7

***Issue One—Sufficiency of Evidence Supporting Award***

Via his first issue, Connolly contends that neither legally nor factually sufficient evidence supports the trial court's award to Benson of $60,203.47 in unpaid medical insurance premiums. We sustain the issue.

In addressing the matter of legal sufficiency, we incorporate the harm analysis undertaken in sustaining issue six. Simply put, the documents supplementing Benson's testimony were inadmissible and, therefore, beyond consideration when determining if more than a scintilla of evidence supported the $60,203.47 award. That left as sole support for the award Benson's conclusory testimony as to the amount due. And, that being no evidence per *Windrum*, we cannot but agree with Connolly's legal sufficiency complaint.

When finding the evidence legally insufficient to support a judgment, reviewing courts normally reverse and render judgment. Reverse and remand for new trial is the appropriate course when the insufficiency arises from holding particular evidence inadmissible, however. *See Mary Lee Found. v. Tex. Empl. Comm'n*, 817 S.W.2d 725, 729 (Tex. App.—Texarkana 1991, writ denied) (stating that "[w]hen an appellate court has decided that hearsay evidence was improperly admitted, the proper course is to remand for a new trial, and this is true even though without the hearsay there was no evidence to support the judgment"); *Atlantic Ins. Co. v. Boyette*, 342 S.W.2d 379, 383 (Tex. Civ. App.—Beaumont 1960, writ ref'd n.r.e.) (same); *see also In the Estate of Arndt*, 187 S.W.3d 84, 88 (Tex. App.—Beaumont 2005, no pet.) (stating that "[t]he remedy for the improper admission of evidence is a new trial, not rendition of judgment as though the evidence had not been presented to the jury"). This is the case here. Our dispositions of

the foregoing issues relieve us from the need to consider any others, including that raised in Benson's cross appeal.[5]

We reverse the Order on Motion for Enforcement issued by the trial court and remand the cause for new trial.

Brian Quinn
Chief Justice

---

[5] Again, she contends the trial court was obligated award her attorney's fees because she prevailed below.